## FROWEIN et al. v. LINDHEIM.

### (Supreme Court, Special Term, New York County. June 5, 1890.)

1. DISCOVERY—PRODUCTION OF BOOKS AND PAPERS.

Plaintiff will not be required to produce his books of account so as to enable defendant to prepare his answer, unless it is shown by satisfactory evidence that plaintiff keeps such books, and that some entries therein will furnish the evidence that defendant desires; and, where plaintiff resides in a foreign country so that defendant can have no personal knowledge of the matter, the mere averment of the petition that plaintiff kept books, etc., is not sufficient.

2. SAME—SUFFICIENCY OF PETITION.

A petition for the discovery of plaintiff's books and papers, so as to enable defendant to prepare his answer, should specify the book to be produced, or that a copy of a particular entry be furnished.

At chambers. Action by Frederick J. Frowein, Wilhelm Frowein, Egbertus A. Frowein, and Jacobus A. Frowein against Moses Lindheim to recover $2,495.20, alleged to have been received by defendant as agent for plaintiffs in the sale of tobacco. Defendant filed a petition for discovery and inspection of plaintiffs' books, etc., so as to enable him to prepare his answer and counter-claim. The petition averred that on or about the 20th day of April, 1889, defendant was employed by plaintiffs as their sole agent for the sale of their tobacco in the United States and Canada, and said plaintiffs promised and agreed to give and pay to the said defendant a commission of 5 per cent. on all sales of tobaccos made by the plaintiffs in said countries, and also to reimburse the said defendant for all moneys expended by him in the course of such agency; that such commissions—as deponent has been advised by his counsel, and verily believes—were not limited, as contended by the plaintiffs, to the commission only upon sales introduced by your petitioner, but included all sales made by the plaintiffs within the territory over which your petitioner was appointed sole agent; that from the 20th day of April, 1889, and thereafter, until about the 14th day of January, 1890, defendant entered upon the employment, and continued therein, and made and effected sales, and incurred expenses, and laid out and expended moneys in the discharge of the duties of such agency; that the said plaintiffs, contrary to their agreement, made sales in the United States and Canada, in the countries in and for which defendant was appointed sole agent, and upon which sales defendant was entitled to a commission of 5 per cent; that, in and by said agreement appointing said defendant such sole agent aforesaid, the said defendant was to have the full, complete, and absolute control and sale of plaintiffs' tobaccos in the said territory, and was to be paid and to receive 5 per cent. on the amount of all sales made in the said territory, to-wit, United States and Canada; that the said plaintiffs were not by any act or conduct on their part to make or effect sales in said territory, or deprive your petitioner from making and effecting sales of said plaintiffs' tobaccos, and earning the commission thereon; that, contrary to and in violation of the said agreement, and to the terms of such agency, said plaintiffs sold large amounts of to-

baccos, and withheld the fact of such sales and the amounts thereof from defendant, and deprived him of the commission of 5 per cent. on the amount of such sales, and thereby deprived the plaintiffs of the beneficial enjoyment of his employment, and destroyed the value and emoluments of his sole agency within the territory aforesaid; that the said plaintiffs had made and kept books of account and entry in which were stated and entered all the transactions, business affairs, and concerns of said plaintiffs' firm, and containing the items and details thereof; that in said books had and kept by the said plaintiffs were and are stated and entered the names of the parties, the places of business and residence of such parties in the United States and Canada, the prices, quality, and quantity of said tobaccos, and the payments thereof; that petitioner is informed and believes that said plaintiffs have in their possession books of account and entry entitled and called, severally, "Sales Books," "Day Books," "Ledgers," and "Invoice Books," containing the several matters and transactions above set forth; that such information is derived from printed statements of said plaintiffs to your petitioner, and also upon the statements and invoices furnished to the several parties to whom said plaintiffs sold goods, and that petitioner has seen and examined several of such statements; that each and every of the said books of accounts, and paper writings thereto appertaining and relating, were and are in the custody, possession, and under the control of the said plaintiffs, and are not accessible to or within the control or custody of your petitioner; that deponent learned of a part of such sales from parties residing and doing business in this city; and that only a small and insignificant part or portion of such transactions, and of the details thereof, have come to and are within the knowledge of your petitioner, and the said books and paper writings containing the same, and thereunto relating, were and are in the possession and under the control of the said plaintiffs.

*Strong & Cadwalader,* for plaintiffs.        *Hahn & Myers,* for defendant.

INGRAHAM, J.   The plaintiffs reside in Holland, and whatever books of account they have are there.   It is obviously impossible that defendant should have any personal knowledge as to whether the plaintiffs, as matter of fact, did keep books of account or not, or, if any such books were kept, whether or not they contained any entries that would show whether or not plaintiff had sold goods to other persons in this country.   It would be manifestly absurd to order the plaintiffs to produce all of their books of account, or certified copies of them, and yet, from the petition, it would be impossible to make an order directing that any particular book be produced, or that a copy of any particular entry be furnished.   The defendant may imagine that plaintiffs keep books of account, because merchants generally do, but until some satisfactory evidence that they do keep such books of account, and that some entries in such books would furnish the evidence that the defendant requires, it would be manifestly improper to order a discovery.   See *Cornish* v. *Wormser,* 5 N. Y. Supp. 889.   Motion denied, with $10 costs to abide the event.