FROWEIN *et al.* v. LINDHEIM.

*(Supreme Court, General Term, First Department.* December 29, 1890.)

PRACTICE—PRODUCTION OF BOOKS AND PAPERS.

    In an action for a balance of proceeds of sales of goods by defendant as agent for plaintiffs, a petition by defendant for an inspection of plaintiffs' books and papers, in order to enable him to interpose a counter-claim, set forth the contract between the parties, and alleged that plaintiffs had made certain sales in violation thereof, on which he was entitled to commissions; that such sales were entered in plaintiffs' books, and such books and papers were not in his possession. *Held,* that this showed, *prima facie,* cause of action in favor of defendant, and authorized the granting of the discovery sought.

    Appeal from special term, New York county.

    Action by Frederick J. Frowein and others against Moses Lindheim. Plaintiffs appeal from an order granting defendant's application for a discovery of their books.

    Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

    *Strong & Cadwalader,* for appellants. *Hahn & Myers, (Emanuel J. Myers,* of counsel,) for respondent.

    BRADY, J. This action was brought by the plaintiffs, who were copartners and tobacco merchants of Arnheim, Holland, against the defendant, who was formerly their agent in this city, to recover a balance, being the net proceeds of sales of tobaccos belonging to the plaintiffs made by the defendant as such agent. The defendant seeks to set up a counter-claim for a violation of the contract of agency, and, in order to obtain the necessary facts to prepare and state that defense, made application to this court for an inspection of the plaintiffs' books of accounts. The first application was denied, upon the ground apparently that it did not appear that the plaintiffs kept books of account, (11 N. Y. Supp. 495,) whereupon the counsel for the defendant obtained, by correspondence with the counsel for the plaintiffs, an admission that they did keep books of account, in which they kept all sales made by them to parties in the United States and Canada, the time of such sale, the description and price and amount of goods sold between certain dates, and the payments made by purchasers of their goods so sold by them, upon which the application was renewed and granted. In the petition presented, the defendant set up his employment by the plaintiffs, as their sole agent for the sale of tobaccos in the United States and Canada, on or about the 20th of April, 1889, and upon a commission of 5 per cent. on all sales of tobaccos made by them in those countries; that the plaintiffs, contrary to their agreement, made sales in the United States and Canada, upon which sales he was entitled to a commission of 5 per cent.; that the plaintiffs kept books of account in which the particulars of such sales were entered, the source from which he obtained the information as to the existence of these books of account; that only a small and insignificant part or portion of the transactions had come to his knowledge; that the books and papers containing the same were not in his possession; and that his counsel could not prepare and frame his defense and answer, and could not properly interpose a counter-claim, without the discovery and inspection, with a copy of each and every of the said entries and statements relating to each and every of the transactions, and of all bills, accounts, invoices, and papers thereunto relating, all of which, as suggested, were regarded as indispensably necessary to prepare the answer. The plaintiffs opposed the granting of the motion upon the ground that the contract, which was in writing, was conditional, and limited the right of the defendant to commissions; that the petition did not state facts sufficient to warrant the court in arriving at the conclusion that a cause of action was set up; and that in such an action as this, under the circumstances detailed, a court of justice would not grant the discovery asked for.

Whether the defendant has or has not a cause of action which he can maintain cannot be investigated on affidavits.    *Livingston* v. *Curtis*, 12 Hun, 122. It is only necessary, therefore, in that respect, for it to appear that there is sufficient in the petition, assuming the facts stated to be true, to warrant the conviction that a cause of action has been stated.    There is at least a *prima facie* demonstration of that fact, and as well that the inspection desired is necessary, for the reason that the defendant does not possess the requisite information which naturally and absolutely, if existent, appears upon the books of the plaintiffs.    The learned justice in the court below doubtless for these reasons granted the order appealed from, and it is thought it was properly disposed of.    The cases affecting the question of discovery are numerous, each one of them having some distinct feature differing from others, indeed from all of them, but none of them interfering with the general rule that when a *prima facie* case is made out, and a reason, apparently justly assigned, and sufficiently established, is presented in seeking to enforce the right to an inspection, it is granted without reference to the merits of the controversy, and particularly when the application is made for the purpose of enabling the party to frame his pleading.    If after the information sought has been given, the pleading, being a counter-claim, is defective in not presenting facts constituting such a defense, the remedy is by demurrer.    Here, as already suggested, a *prima facie* case is made out, and it is quite clear from all the papers considered that the information upon which the defendant relies to prepare his answer is not all in his possession, but in that of the plaintiffs, and hence the order appealed from should be sustained.    No objection is taken to the form of the order, and it ought not to be interfered with as it allows a verified abstract from the books, and should therefore render an absolute inspection of them unnecessary.    The order appealed from should be affirmed with $10 costs.    All concur.