NEW HAMPSHIRE FIRE INSURANCE COMPANY, Plaintiff, v. HUBERT UTTERBACK, Judge, et al., Defendants.

**INSURANCE:** Venue in Action on Policy. Motion to transfer to the proper county is the only remedy possessed by a foreign insurance company, when, on due service, it is sued in the *wrong* county on a policy issued by it in this state.

*Certiorari from Polk District Court.*—HUBERT UTTERBACK, Judge.

OCTOBER 18, 1918.

CERTIORARI proceedings from the district court of Polk County.—*Affirmed.*

*Stipp, Perry, Bannister & Starzinger,* and *O. M. Slaymaker,* for plaintiff.

*Cosson & Francis,* for defendants.

Stevens, J.—The defendant, a nonresident insurance corporation, in an action brought against it by B. R. Frick in Polk County for loss occurring in Clarke County, where the policy was issued, where the loss occurred, and where plaintiff, at the time, resided, appeared therein for the sole purpose of challenging the jurisdiction of the court, under the provisions of Section 3541, Supplement to the Code, 1913. The motion to quash the service and dismiss plaintiff's petition was overruled, and time given defendant in which to plead. The grounds of defendant's motion are as follows:

"1. That no notice of the commencement of this action has been served on the defendant, as required by law.

"2. That the defendant in the case is a fire insurance company, organized and incorporated under the laws of the state of New Hampshire, and is not incorporated under the laws of the state of Iowa.

"That such defendant does not and never did have its principal place of business in Polk County, Iowa, and the contract of insurance sued on in this case was made and the loss claimed on occurred in Clarke County, Iowa."

The original notice was served upon the commissioner of insurance in Polk County.

While the argument of counsel covers a much wider range, the sole question presented for our decision is: Did the district court of Polk County acquire jurisdiction of the defendant insurance company by service therein of original notice upon the insurance commissioner? It is not claimed that such commissioner is not a proper person upon whom service thereof could be made; but it is the contention of counsel for the insurance company that suit could only be brought against it in one of the counties designated by Sections 3499 or 3500 of the Code. Foreign insurance corporations, before commencing business in this state, must comply with the following provisions of Section 1722 of the Code:

"Any foreign company desiring to transact the business of insurance under this chapter, by an agent or agents in the state, shall file with the auditor of state a written instrument, duly signed and sealed, authorizing such auditor to acknowledge service of notice or process for and in behalf of such company in this state, and consenting that service of notice or process may be made upon the auditor of state, and when so made shall be taken and held as valid as if served upon the company according to the laws of this or any other state, and waiving all claim or right or error by reason of such acknowledgment of service."

Since the enactment of the above section, the legislature has created a separate insurance department, the chief officer of which is styled the commissioner of insurance.

We gather from the argument of counsel that, some time prior to the service of the notice in question, the insurance company filed a written instrument in the office of the insurance commissioner, consenting that service of original notice might be made upon him. He thereby became the agent of said company for that purpose. *Greaves & Co. v. Posner,* 111 Iowa 651.

Section 3504 of the Code provides that:

"If an action is brought in a wrong county, it may there be prosecuted to a termination, unless the defendant, before answer, demands a change of place of trial to the proper county, in which case the court shall order the same at the cost of the plaintiff."

If the insurance company were a resident of this state, and sued in the wrong county, its remedy would be to move for a transfer to the proper county for trial. We perceive no reason why a different rule should be applied in the present case. If suit can only be legally prosecuted in a certain county, or counties, against a nonresident insur-

ance corporation, it should have, and, under the statute, has, the same right to have the trial thereof transferred to the proper county as a resident of this state would have, if suit were brought against him in the wrong county. It is conceded by counsel for the insurance company that the policy in suit was issued by a local agency in Clarke County, where the property was situated, and of which Frick was, at the time, a resident. Whether suit should have been brought in Clarke County, or whether same may be maintained in Polk County, are questions not before us for determination. The district court of Polk County acquired jurisdiction over the insurance company by service of original notice upon its agent, appointed for that purpose; and if in the wrong county, the company, before answer, may have same transferred to the proper county. It follows that the ruling of the court is—*Affirmed.*

PRESTON, C. J., WEAVER and GAYNOR, JJ., concur.