JOHN W. BAKER, Appellant, v. CHICAGO JOINT STOCK LAND BANK, Appellee.

FEBRUARY 7, 1928.

REHEARING DENIED MAY 11, 1928.

*O. M. Slaymaker* and *R. E. Killmar*, for appellant.

*Dring D. Needham* and *Hoffman & Hoffman*, for appellee.

FAVILLE, J.—I. On April 8, 1927, the appellant filed a petition in the district court of Iowa in and for Decatur County, seeking to recover damages from appellee for alleged breach of a contract for the sale of real estate located in said county. The original notice in said action required the appellee to appear at the next term of the district court of Decatur County. The original notice was served in Des Moines, Polk County, upon Mae Stinson, who is described as "the assistant secretary of said corporation." In due time, the appellee entered a special appearance in said cause in the district court of Decatur County, and moved the court to dismiss the action for want of jurisdiction, and by affidavit set up the fact that the appellee is a corporation organized under and by virtue of the Federal Farm Loan Act of Congress; that the principal place of business of said corporation is in the city of Chicago, state of Illinois; that it has no office or agency for the transaction of business in Decatur County, Iowa, and never has had. The court sustained the motion, and dismissed the petition.

It may be conceded that the district court had jurisdiction

of the subject-matter of the action,—namely, a claim for damages for breach of a contract for the conveyance of real estate.

II. The sole ground of challenge to the jurisdiction of the district court was as follows:

"That it is a corporation organized and existing under and by virtue of the Federal Farm Loan Act of Congress, and is a Federal corporation, and that the only office which it maintains within the state of Iowa for the transaction of business is at the city of Des Moines, Polk County, Iowa. That it has no office or agency for the transaction of business in Decatur County, Iowa, and never has had."

The challenge raises but one question: namely, that service upon said corporation in Polk County is not good in an action brought in Decatur County. The argument has gone far afield. We consider only the case made by appellee's motion. Under the situation stated in the appellee's motion, its remedy was solely to move for a change of place of trial to the proper county. The case is ruled by *New Hampshire Fire Ins. Co. v. Utterback*, 184 Iowa 661. The sole question raised by the appellee was that the action could not be maintained in Decatur County when service was had upon appellee in Polk County. Under the statute, Section 11053, Code of 1924, if the action is brought in the wrong county, it may be there prosecuted to a termination, unless the defendant demands a change of place of trial to the proper county, before filing answer. There was no demand for a change of place of trial. It is not contended that the court did not have jurisdiction of the appellee, but only that it had jurisdiction in the wrong county. This being true, the appellee's remedy was to move for a change of venue to the proper county. The court should not have dismissed the action.

The order of the district court must be, and it is,—*Reversed*.

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.