JOHN HIGDON et al., Appellees, v. LINCOLN JOINT STOCK LAND BANK of Lincoln, Appellant.

No. 43882.

58

March 16, 1937.

Healey & Reynolds, for appellant.

O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, for appellees.

Hamilton, J.—The defendant, the Lincoln Joint Stock Land Bank of Lincoln, Nebraska, appellant herein, is the owner of some twenty farms comprising two thousand acres of land in all, situated in Clarke County, Iowa. Through its agent and fieldman, Mr. Schewe, with headquarters in Osceola, Iowa, where he resided with his family, and who in his capacity of fieldman looked after the appellant's farms in some fourteen counties in southwestern Iowa, it leased one of these farms to appellees. The negotiations were all made with the fieldman and the lease was signed up and mailed in to the company, and the company ap-

proved the written lease. Possession was to be given March 1, 1936. The tenant for the prior year refused to surrender possession and appellant was therefore unable to deliver possession of said farm to appellees. This suit is an action against the appellant for damages, in which appellees allege they have suffered because of appellant's failure to put them in possession of said farm. The original notice was served on the fieldman, Schewe. Appellant filed a special appearance challenging the service and jurisdiction of the court upon the following grounds: (1) That the appellant, being a federal corporation created by Congress and having its principal place of business in Lincoln, Nebraska, cannot be sued in the Iowa state courts; (2) that the appellant had no general agent and did not maintain an office or agency in Clarke County, and hence the service of notice on the fieldman conferred no jurisdiction on the court. Resistance was filed to the special appearance and evidence was introduced, and after the matter was fully heard and argued to the court, the special appearance was overruled and this appeal is from such order.

■■■ There was a hearing before the trial court had on oral testimony. Both parties introduced their evidence and the matter to be determined by the trial court was whether or not the defendant company had an office or agency, and whether or not the fieldman, Schewe, was employed by the company at such office or agency. It was a fact question passed upon by the trial court, and he ruled in favor of the plaintiffs, and we think rightly so. The question of what constitutes an office or agency within the meaning of sections 11046 and 11079 of the Code of 1935 was discussed in the case of Locke v. Chicago Chronicle Co., 107 Iowa 390, 393, 78 N. W. 49, 50, and in that case the legal principle governing was announced in these words:

"It is sufficient if the principal have an office or agency in the county in which a suit growing out of, or connected with, the business of that office or agency is brought, and service of the notice be made upon an agent or clerk employed in that office or agency. There must be an office or agency, and an agent or clerk employed therein, but no fixed rule is given for ascertaining what constitutes an office or agency. That must necessarily be determined by the facts in each case."

And in that case the court found that the evidence was sufficient to establish an agency in Polk County where the suit was

brought. The facts in the instant case bearing upon the question of the existence of an office or agency are much stronger and more conclusive than in the Locke case. While the fieldman had no designated office, except his residence, which was on the second floor of a building located upon the public square in Osceola, the county seat of Clarke County, the defendant advertised him as its fieldman and gave the telephone number at Osceola where clients interested could call him, and it was at this place that he transacted the business of the company and met the plaintiffs and drew up the very lease in question. He was looking after farms in fourteen counties, thousands of acres of land, more than two thousand acres were in the county in which this suit was brought, and he had no place of business in the whole territory except his apartment in Osceola. It was his duty to look after the leasing of these farms and the collecting of the rents and the necessary details in connection therewith. The fact that he had no authority to bind the company until after the matter was submitted to the company and approved by them does not tend to disprove the agency, but only goes to the question of the extent of his authority. His authority was limited. He was not in the broad sense of the term a general agent of the company, but was their general agent in that field of fourteen counties as to the matters left in his charge, and was such agent as is contemplated by sections 11046 and 11079 of our statutes, and on this issue appellees must prevail.

■■■ Appellant's second contention that the Lincoln Joint Stock Land Bank was organized under federal law and was a federal or national corporation and not suable in the state courts is not tenable. Joint stock land banks have the power of and are subject to all restrictions and conditions imposed on federal land banks, so far as the same are applicable. 12 U. S. C. A., Sec. 813. The powers of federal land banks are enumerated in 12 U. S. C. A., Section 676. In paragraph 3 it is said that such banks have power "to make contracts", and in paragraph 4 it is said that such banks have power "to sue and be sued, complain, interplead, and defend, in any court of law or equity as fully as natural persons." The corporation itself makes use of the Iowa courts in enforcing its mortgages and its property rights. Both the United States Supreme Court and this court have recognized the doctrine that the state courts have jurisdiction of such corporation where it maintains an office or agency within the state

upon whom service of notice may be had. Federal Land Bank v. Priddy, 295 U. S. 229, 55 S. Ct. 705, 79 L. Ed. 1408; New Hampshire Fire Ins. Co. v. Utterback, 184 Iowa 661, 169 N. W. 46; Baker v: Joint Stock Land Bank, 205 Iowa 1259, 217 N. W. 621. And our own code of procedure, chapter 488, section 11046, under the general title, ''Place of Bringing Actions'', is couched in broad terms and applies to a corporation, company, or individual, and is broad enough to include defendant organization. The case of Fisher & Van Gilder v. First Trust Joint Stock Land Bank, 210 Iowa 531, 231 N. W. 671, 69 A. L. R. 1340, has no application to the fact situation in this case. In the Fisher case the notice was served in Chicago and the court held that the Iowa court acquired no jurisdiction of the company by serving some officer in the city of Chicago. Likewise, in the case of Van Dresser v. Oregon R. & Nav. Co. (C. C.) 48 Fed. 202, relied upon by appellant, is not in point. In that case the corporation had no office or agency in the state of Iowa, upon whom process could be served.

Joint stock land banks are privately owned corporations, organized for profit to their stockholders through the business of making loans on farm mortgages, and are not government instrumentalities. 12 U. S. C. A., Sections 811, 812, and 813. Federal Land Bank v. Priddy, supra.

 Appellant also raises in this court the question of the sufficiency of the original notice as to form. This question was not raised in the lower court and cannot be raised for the first time in this court. This question has been decided so often that no citation of authority is necessary, but see Farris v. Iltis, (Iowa) 243 N. W. 195; Reeves v. Howard, 118 Iowa 121, 91 N. W. 896. The objection below was as to the legality of the service on the defendant's fieldman, Schewe, and not to the form of the notice itself. Furthermore, insofar as the form of the notice or the service thereof is concerned, it appears by the appellees' amended and additional abstracts that a new notice has been served on the agent, addressed to the defendant instead of to the plaintiff. Likewise, an amendment to the original petition has been filed, setting up the fact that the appellant is a nonresident of this state, and asking for a writ of attachment, and attachment was issued and levy has been made upon 160 acres of land in Clarke County owned by the defendant, and notice served upon the president of the corporation in the state of Nebraska,

and it appears from this record that the defendant is the owner of two thousand acres of land in Clarke County and owns thousands of acres of land in adjoining counties, and is a nonresident of this state, which is one of the grounds for writ of attachment. No attack was made upon the method used by the appellees in presenting these facts to the court by amended and additional abstract, and the fact of the service of the additional notices and of this attachment is not denied, but mention thereof is made in appellant's argument. It is claimed by the appellees that the question insofar as the notice itself is concerned is now moot. While perhaps this is not strictly true, the fact remains that if the district court of Clarke County had jurisdiction of the subject matter of this action—a question concerning which we entertain no doubt—a reversal of this case would avail the appellant nothing. It would be immediately faced with a trial of the same issues under a sufficient notice aided by an attachment, which would be equivalent to a personal judgment against the defendant, where the defendant is the owner of twenty farms averaging more than 100 acres each in the same county where the suit is pending and upon which there is now levied in this very suit a valid attachment.

The motion to dismiss the appeal for failure to observe Rule 30 of this court has been considered, and we think the contention of appellees in respect thereto is well founded. Counsel should be more careful in observing the rules of this court, but in view of the result we have reached, it is unnecessary for us to devote further time to a discussion of this matter. The order of the trial court in overruling the special appearance is affirmed.—Affirmed.

RICHARDS, C. J., and PARSONS, SAGER, STIGER, DONEGAN, ANDERSON, and KINTZINGER, JJ., concur.