## DALLAS JOINT STOCK LAND BANK OF DALLAS v. STATE ex rel. COBB et al.

### No. 12385.

Court of Civil Appeals of Texas. Dallas.

Oct. 28, 1939.

Rehearing Denied Nov. 25, 1939.

Lawther, Cramer, Perry & Johnson, of Dallas, for appellant.

Andrew Patton, Dist. Atty., and E. G. Moseley, David M. Weinstein, Harold McCracken, and Paul G. Peurifoy, Asst. Dist. Attys., all of Dallas, for appellees.

LOONEY, Justice.

This is an appeal from a judgment of the court below, compelling The Dallas Joint Stock Land Bank of Dallas to answer certain interrogatories propounded by Ed Cobb, Assessor and Collector of Taxes, and Andrew Patton, District Attorney, for Dallas County, plaintiffs in a bill of discovery suit.

This is the third phase of the litigation between the parties to reach this Court. The first was an original application by the defendant Land Bank against Honorable Jno. A. Rawlins, District Judge, to compel him to set the amount of a supersedeas bond to be given, to suspend the execution of the judgment pending this appeal. The writ was granted for the reasons stated in our opinion, Dallas Joint Stock Land Bank v. Rawlins, 129 S.W.2d 485. The second was an appeal by the plaintiffs herein from an order granting a temporary injunction at the instance of the defendant corporation, enjoining plaintiffs from attempting to procure information concerning the ownership of stock in defendant corporation, and from filing or prosecuting any suits, bills of discovery, applications for injunctions, or other proceedings against defendant, its employes or stockholders, in an effort to tax or to collect from the owners taxes due on stock held in defendant corporation. We sustained the appeal, reversed the order of the court below, and dissolved the temporary injunction previously granted, for reasons stated in the opinion, Cobb v. Dallas Joint Stock Land Bank, 129 S.W.2d 487. The opinions in these cases are referred to for a better understanding of the nature of the litigation.

Plaintiffs alleged, in substance, that valid assessments had been made, against the shares of stock owned by each unknown stockholder of the Land Bank, for the years 1931 to and including 1938; that it was necessary for plaintiffs to ascertain the names of the stockholders who resided in Dallas County (alleging the belief that all resided in Dallas County), and the number of shares of stock owned by each on the respective dates mentioned; that such information was in the exclusive possession of the Land Bank and could not be obtained by plaintiffs from any other source; that, on demand, defendant had refused to furnish the information, and that the stockholders had failed to reveal their identity, that such information cannot be obtained from any other source, or by any means other than by the process of a bill of discovery; that a valid cause of action existed in favor of the State of Texas and County of Dallas for the delinquent taxes due by each individual stockholder, wherefore, plaintiffs sought judgment, compelling the Land Bank to answer the following interrogatories: First: "State, as revealed by your

books and records, the names and addresses of the stockholders of The Dallas Joint Stock Land Bank of Dallas, who resided in Dallas County, Texas, on the first day of January, for each of the following years: 1931, 1932, 1933, 1934, 1935, 1936, 1937 and 1938." Second: "State, as revealed by your books and records the amount and number of shares held by each of such stockholders as asked for in the foregoing interrogatory as of the first day of January, 1931, 1932, 1933, 1934, 1935, 1936, 1937 and 1938."

The defendant filed a general denial and special pleas to the effect that, being a governmental agency, its stock was not taxable against its stockholders, hence the levies against them are invalid; that the stock was illegally assessed, the assessments being arbitrary and discriminatory; that the information sought by plaintiffs is privileged, as defendant owes no duty to disclose to any person, other than to the Federal Farm Credit Administration, the names of its stockholders, and the amount of stock owned by each; that the defendant had theretofore paid all taxes due by it to the State of Texas and to the County of Dallas, and that, by the proceedings instituted, defendant is not sued as a litigant, but is sought to be used merely as a witness.

The Bank made timely demand for a jury, and paid the jury fee, but was denied the right of a jury trial. This ruling was excepted to and forms the basis of an assignment of error. After hearing the case, without the intervention of a jury, the court ordered the defendant to answer the interrogatories as propounded, to which it excepted, perfected appeal, and has filed assignments of error.

The questions discussed are only those that, in our opinion, are necessary for the disposition of the case. The defendant contends that the denial by the trial court of its request for a jury was a violation of its constitutional rights and constitutes reversible error.

■■■ A bill of discovery as an independent action, was unknown to our jurisprudence until authorized by the Legislature in 1923, as shown by Art. 2002, as follows: "All trial courts shall entertain suits in the nature of bills of discovery, and grant relief therein in accordance with the usages of courts of equity. Such remedy shall be cumulative of all other remedies." Prior to the Act of 1923, discovery was had simply as ancillary to a pending suit. See Cronin v. Gay, 20 Tex. 460, 465; Love v. Keowne, 58 Tex. 191, 197. The general rule seems to be that, in the absence of an express constitutional or statutory requirement, the right of a jury trial in suits at equity does not exist, it being the peculiar province of the chancellor to determine all issues of fact as well as of law. See 35 C.J. 159, § 30, and authorities cited. This doctrine was recognized by Chief Justice Gaines in Ex parte Allison, 99 Tex. 455, 462, 90 S.W. 870, 871, 2 L.R.A.,N.S., 1111, 122 Am.St. Rep. 653; he said: "In courts of law the parties are entitled to have the issues of fact determined by a jury, which is not the case in a court of equity"; later, however, in same case, Chief Justice Gaines said: "But under our system, in which law and equity are blended and the right of trial by jury exists, whether the remedy be legal or equitable, the difficulty vanishes. Before the injunction could be made perpetual under the statute in question it is the right of the defendant to have the jury pass upon the facts". The Constitution, Sec. 15 of the Bill of Rights, Vernon's Ann.St. provides that: "The right of trial by jury shall remain inviolate", and Sec. 10 of Art. 5 provides that: "In the trial of all causes in the District Courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury * * *". So, we are of opinion that, in an equitable proceeding, such as the discovery suit under consideration, parties are entitled to have controverted issues of fact, if any there be, that tend to establish or defeat the right to a discovery, determined by a jury. But, as the material facts here involved are not controverted, the error of the court in denying defendant's request for a jury, was harmless, for, if a jury had been impaneled, in view of the case presented by the record, there would have been no issue of a controversial nature, tending to establish or defeat the right of discovery, to be submitted to a jury. So, we overrule this contention of the defendant.

That the corporate stock sought to be taxed was subject to taxation, we think is undoubted; Article 7145 provides that: "All property, real, personal or mixed, except such as may be herinafter expressly exempted, is subject to taxation, and the same shall be rendered and listed as herein prescribed." The owner is requir-

ed to list the same under oath. See Art. 7162, Subd. 38, that expressly requires the "Amount and value of shares of capital stock companies and associations not incorporated by the laws of this State", to be rendered for taxation by the owners; and Sec. 11 of Art. 8 of the Constitution provides " * * * And all lands and other property not rendered for taxation by the owner thereof shall be assessed at its fair value by the proper officer". The Federal Act creating joint stock land banks, Title 12, p. 872, U.S.C.A., § 932 provides that: "Nothing herein shall prevent the shares in any joint stock land bank from being included in the valuation of the personal property of the owner or holder of such shares, in assessing taxes imposed by authority of the State within which the bank is located * * *".

As the record discloses that the taxing official attempted to comply with the statute in making the assessments, although assessed in solido against unknown owners, which, in the absence of knowledge as to the names of the owners and the amount of stock owned by each, could not have been done otherwise, we think that, prima facie at least, the record discloses a valid assessment and a valid cause of action in favor of the State and County against the owners of said stock for the amount due by each.

While it may be true that, on trial of causes against the stockholders, it may be shown that the assessments are illegal, but, in our opinion, that is a defensive matter that belongs exclusively to suits against stockholders for the collection of these taxes. As against the defendant, plaintiffs were only required to show prima facie—as we think they did—that a valid cause of action existed in favor of the State and County against the stockholders of the defendant corporation, for the recovery of the amount of taxes due on the value of the stock owned by each for the years indicated. The doctrine is announced in 17 Am.Jur., Discovery, § 11, p. 10, that: " * * * it may be said in general that to entitle a party to an examination, he should be able to convince the court that prima facie he has a cause of action, or that there is a reasonable basis for a belief that a cause of action exists in his favor."; and, in Walsh v. Press Co., 48 App.Div. 333, 62 N.Y.S. 833, 834, the court said: "A discovery will not be ordered to enable a party to find out whether he has a cause of action * * a prima facie case, or at least facts pointing directly to that result, must be shown before a discovery in aid thereof will be ordered." Also see Frowein v. Lindheim, 58 Hun. 609, 12 N.Y.S. 526.

The defendant also contends that, being a governmental agency, it was its duty to treat as confidential the names of its stockholders and the amount of stock owned by each, therefore, the information sought by the bill of discovery was privileged. In the case of Higdon v. Lincoln Joint Stock Land Bank, 223 Iowa 57, 272 N.W. 93, 95, the Supreme Court of Iowa said: "Joint Stock Land Banks are privately owned corporations, organized for profit to their stockholders through the business of making loans on farm mortgages, and are not government instrumentalities", citing Federal Land Bank v. Priddy, 295 U.S. 229, 55 S.Ct. 705, 79 L.Ed. 1408. We do not think it can be seriously contended that, under controlling rules of evidence, the information sought is privileged. See Wigmore, vol. 4, p. 2285.

Nor do we think it was essential to the rendition of a valid judgment against defendant Land Bank that either of its officers, agents or employes should have been made a party to the suit. Doubtless, its representative charged with the custody of the record containing the information sought, would have been a proper party, but, in our opinion, was not a necessary party. In 18 C.J. 1064, § 10, the following pertinent doctrine is announced: "Upon the ground that corporations cannot answer under oath, but only under their corporate seals, it has been held that a bill of discovery cannot be maintained against a corporation alone, and that it is indispensable to make some proper officer or agent of the corporation a defendant, if discovery is sought. There is, however, direct authority to the contrary, it being held that a bill, or cross bill, purely for discovery lies against a corporation, without joining any officer, and that the corporation must answer such bill, or cross bill, fully, under its seal, although not under oath." Also see the authorities cited in Note 7.

The defendant also insists that the suit is not maintainable, because a mere fishing expedition; that defendant is not sued on the cause of action asserted, but is proceeded against simply as a witness; that, if permissible at all, a dicovery suit

will lie only against the parties liable on the alleged cause of action. We discussed this question in the opinion filed in Dallas Joint Stock Land Bank v. Rawlins, Judge, 129 S.W.2d 485, 486, and quote what we said as pertinent and decisive of the point; we said: "Generally speaking, a bill of discovery is a proceeding by a party against an adversary, for the discovery of facts within the knowledge of the adversary, or documents, writings, or other things within his possession or power, to be used either offensively or defensively in a pending or contemplated action. However, it has been repeatedly held that, where it is sought to discover the name or names of persons against whom an action is maintainable and is contemplated, as in the instant case, courts, in the exercise of their equity jurisdiction, may entertain a bill for such purpose against a Respondent, who, although in no sense liable in regard to the matter giving rise to the contemplated action, yet acquires knowledge of the facts sought while acting for or with those against whom liability is claimed, as in the case at bar, the Respondent, a corporation, in a sense the representative of its stockholders, acquires knowledge of, and possesses the records that reveal the information sought. See Post v. Toledo, Cincinnati & St. L. R. Co., 144 Mass. 341, 11 N.E. 540, 59 Am.Rep. 86; Kurtz v. Brown, 3 Cir., 152 F. 372, 11 Ann.Cas. 576, and the authorities cited in Note; also, see 9 R. C.L. 173, Sec. 11." Also, see 17 Am.Jur., Discovery and Inspection, p. 9, § 10.

Defendant also contends that, the assessments were vitiated because the tax-assessing official discriminated against the stockholders intentionally and persistently, in that, he neglected and refused to assess others owning similar corporate properties, and valued the shares of stock, owned by defendant's stockholders, higher than other personal properties were accepted for taxation, same being an unjustifiable and unconstitutional discrimination against the owners of the stock in defendant corporation.

In disposing of the injunction suit by the defendant against plaintiffs, heretofore mentioned, reported in 129 S.W.2d 487, we said, at page 489, that: "In so far as the Land Bank took up the cudgel for its stockholders, in seeking to protect them from the alleged efforts of public officials and their subordinates to procure information in regard to the ownership of stock in the Bank, and from threatened judicial proceedings, in efforts to ascertain and collect taxes alleged to be due the State and County by each individual stockholder, the action, in our opinion, was wholly unauthorized, as the Bank showed no justiciable interest in that phase of the subject matter of litigation, or any right to maintain an action on behalf of its stockholders." What was said in the case just mentioned is pertinent here. The matter of discrimination alleged may or may not constitute a valid defense in favor of the stockholders against suits, based upon said assessment, brought by the State and County for the collection of taxes, but that fact, if it be a fact, in our opinion, is not available as a defense to the present action.

After duly considering all assignments and propositions urged for reversal, and failing to find reversible error, we affirm the judgment of the court below.

Affirmed.

BOND, C. J., not sitting.