FIRST TRUST JOINT STOCK LAND
BANK OF CHICAGO v. CITY OF
DALLAS.

No. 13351.

Court of Civil Appeals of Texas. Dallas.
Dec. 11, 1942.

Rehearing Denied Jan. 15, 1943.

Lawther, Cramer, Perry & Johnson and Lawrence F. Green, all of Dallas, for appellant.

H. P. Kucera, City Atty., and A. J. Thuss and R. L. Dillard, Jr., Assts. City Atty., all of Dallas, for appellee.

BOND, Chief Justice.

This is a suit brought by the City of Dallas against First Trust Joint Stock Land Bank of Chicago, a successor of the First Trust Joint Stock Land Bank of Dallas, to collect the tax assessed by the city for the year 1926, against the Dallas Bank, as agent of its nonresident stockholders, on shares of stock of the Dallas Bank owned by such nonresidents.

The all-important question involved on this appeal is, whether the shares of stock in a joint stock land bank, organized under Title 12, Secs. 810 to 824, U.S.C.A., and owned by nonresidents, may be assessed and collected from the resident bank as agent for such shareholders.

The undisputed testimony and stipulated statement of facts, material here, are as follows:

(1) That in 1928, the First Trust Joint Stock Land Bank of Dallas entered into a voluntary liquidation of its assets, as permitted by Sec. 822 of Title 12, U.S.C.A., which provides that "Any joint stock land bank organized and doing business under the provisions of this chapter may go into voluntary liquidation by making provision, to be approved by the Farm Credit Administration, for the payment of its liabilities; * * *." (2) that, under such liquidation, all assets of the said Dallas Joint Stock Land Bank were acquired by First Trust Joint Stock Land Bank of Chicago; (3) that 5,920 of the 6,000 shares of stock of the Dallas Bank were, on January 1, 1926, owned by nonresidents of the State of Texas; (4) that the Dallas Joint Stock Land Bank was, in January, 1926, located in the City of Dallas, County of Dallas, State of Texas, and had its principal office and place of business and domicile in said state, county and city; (5) that in due time, in 1926, the assessor and collector of taxes for the City of Dallas, not knowing the stockholders, made demand upon the officials of the Dallas Joint Stock Land Bank for a list of the names, residences and number of shares owned by each of its stockholders, which information they declined to furnish; (6) that on July 2, 1926, the city assessor and collector of taxes, rendered against the Dallas Joint Stock Land Bank, "agents for the stockholders," in solido, all shares of stock owned by nonresidents of said bank, at a value of $381,520.45, and assessed a tax thereon of $9,423.67, calculated on the then current tax rate of said city; and (7) that said tax, penalty, and interest have never been paid.

Section 932 of Title 12, U.S.C.A., relating to Joint Stock Land Banks, state taxation of shareholders and limitations thereon, provides: "Nothing herein shall prevent the shares in any joint stock land bank from being included in the valuation of the personal property of the owner or holder of such shares, in assessing taxes imposed by authority of the State within which the Bank is located; but such assessment and taxation shall be in manner and subject to the conditions and limitations contained in Section 548 of this Title, with reference to the shares of national banking associations."

It will be observed that this section of the Act incorporates, by reference, the manner of assessment and taxation of shares of joint stock land banks, subjecting such assessments and taxation to the conditions and limitations contained in Section 548 of the Title, relating to the assessment and collection of taxes, on shares of any national banking association owned by nonresidents of any State.

Section 548 provides:

"The legislature of each State may determine and direct, subject to the provisions of this section, the manner and place of taxing all the shares of national banking associations located within its limits. The several States may (1) tax said shares, or (2) include dividends derived therefrom in the taxable income of an owner or holder thereof, or (3) tax such associations on their net income, or (4) according to or measured by their net income, provided the following conditions are complied with:

*       *       *       *       *

"2. The shares of any national banking association owned by nonresidents of any State, shall be taxed by the taxing district or by the State where the association is located and not elsewhere; and such association shall make return of such shares

and pay the tax thereon as agent of such nonresident shareholders."

■ Thus, it will be seen from the two quoted sections that the Congress did not intend the shares of stock of a joint stock land bank to escape taxation by the authorities of the domiciliary state. The Acts expressly provide that all of such stock shall be "taxed by the taxing district or by the State where the association is located and not elsewhere." The mode adopted leaves the state authorities to proceed against the owner or holder of such shares of stock as other personal property of such owner or holder is assessed, and that such shares be included in the valuation of the personal property of such owner or holder.

■ It is settled law in Texas and in most, if not all, other jurisdictions, that the situs of all personal property subject to taxation is at the place of residence or domicile of the owner, and shares of stock of a banking corporation, being a species of personal property, is taxable in the state where the place of business or domicile of the corporation is located. The Acts of Congress, under consideration, do not limit or abridge the right of states to impose a tax on shares of stock of a national banking association, and, having determined the situs of the shares of stock held by nonresidents to be in the state, where the association is located, such shares of stock are assessable for taxation by the state, and to the same extent as taxes are imposed by authority of the state on other personal property within the state. Therefore, the situs of such shares having been determined, and the taxing agencies of the State of Texas having assessed an ad valorem tax on all personal property within the state, the shares of stock owned and held by nonresidents, as well as residents, are taxable to the same extent as other personal property is taxed in Texas.

In Dallas Joint Stock Land Bank v. State ex rel. Cobb, Tex.Civ.App., 133 S.W. 2d 827, 829, the state brought suit for bill of discovery to determine the name, addresses, etc., of the stockholders of the bank, and the bank contended that the shares of the bank were not taxable. This court, speaking through Judge Looney, overruled the contention, saying: "That the corporate stock sought to be taxed was subject to taxation, we think is undoubted; Article 7145 provides that: 'All property, real, personal or mixed, except such as may be hereinafter expressly exempted, is subject to taxation, and the same shall be rendered and listed as herein prescribed.' The owner is required to list the same under oath. See Art. 7162, Subd. 38, that expressly requires the 'Amount and value of shares of capital stock companies and associations not incorporated by the laws of this State', to be rendered for taxation by the owners; and Sec. 11 of Art. 8 of the Constitution provides '* * * And all lands and other property not rendered for taxation by the owner thereof shall be assessed at its fair value by the proper officer.' The federal Act creating joint stock land banks, Title 12, p. 872, U.S.C.A., § 932 provides that: 'Nothing herein shall prevent the shares in any joint stock land bank from being included in the valuation of the personal property of the owner or holder of such shares, in assessing taxes imposed by authority of the State within which the bank is located * * *'".

This opinion was upheld by our Supreme Court, 135 Tex. 25, 137 S.W.2d 993, adopting the same reasons for affirmance as were employed by Judge Looney in the cited opinion. We adhere to the conclusion there reached, that the shares of stock of a joint stock land bank are taxable, and that the shares of such bank, held by nonresidents of the State of Texas, are assessable here.

■ As disclosed from the record, the taxing officials of the City of Dallas made effort to comply with the Acts of Congress in making the assessments against the individual nonresident stockholders, they made demand on the officials of the corporation to furnish the names, addresses and number of shares owned or possessed by each, as contemplated by the Act. The officials saw fit not to furnish such information, resulting in the assessment being made in solido against the corporation as agent of the nonresident stockholders and assessed the taxes accordingly. In the absence of knowledge sought of the corporate officials, the taxing authority could not have done otherwise. The Act, Subsection 2, Sec. 548, Title 12, U.S.C.A., expressly makes the associations—national banking institutions and joint stock land banks (Sec. 932, supra)—agents of nonresident shareholders, and requires them, as such agents, to make returns and pay the tax on shares of stock owned by such nonresidents. Manifestly, had the corporation wished to escape the responsibility and liability of the taxes imposed upon it as agent of the nonresident owner, its offi-

cial may well have furnished the necessary information. As said by the Supreme Court of Florida, in Atlantic Nat. Bank of Jacksonville v. Simpson, 136 Fla. 809, 188 So. 636, 640:

"The statute required the Bank to make the return which it did not make. If it had made the return, that return should have shown the number of shares held by each nonresident stockholder, the taxable value thereof and the name and address of each stockholder, and with this detailed information, it would have become the duty of the Tax Assessor to assess the taxes in accordance with the information shown by the return. But, when the Bank failed and refused to make the return, then the Assessor was authorized to assess the intangible property according to his information and best judgment.

"The appellant, having failed and refused to make the return required as a basis for the assessment, could not complain that the Tax Assessor did not make the assessment in as full detail as it might have been made if the appellant had performed its duty in that regard."

■ Under the Acts of Congress, supra, the taxing authorities of the State of Texas are empowered to assess ad valorem taxes on shares of stock owned by nonresident shareholders in a joint stock land bank domiciled in Texas, and such assessment could be assessed against and collected from the bank as the agent for such nonresident shareholder, amenable to the authority of the State, County, and City to assess and collect the taxes, under the Constitution and statutes of the State.

The City of Dallas is guided in the assessing and collecting of taxes (Secs. 182 and 189, Charter of the City of Dallas) by the laws of the State of Texas. The Constitution of Texas, Art. 8, Sec. 11, Vernon's Ann.St., provides: "All property, whether owned by persons or corporations shall be assessed for taxation, and the taxes paid in the county where situated, * * *. And all lands and other property not rendered for taxation by the owner thereof shall be assessed at its fair value by the proper officer."

The statutes of Texas provide:

Art. 7145: "All property, real, personal or mixed, except such as may be hereinafter expressly exempted, is subject to taxation, and the same shall be rendered and listed as herein prescribed."

Art. 7147: "Personal property, for the purposes of taxation, shall be construed to include * * * all shares in any bank organized or that may be organized under the laws of the United States."

Art. 7160: "Persons required to list property on behalf of others shall list it in the same manner in which they are required to list their own, but they shall list it separately from their own, specifying in each case the name of the person, * * * to whom it belongs."

Art. 7161: "Each person required by law to list property shall make and sign a statement, verified by his oath, as required by law, of all property, both real and personal, in his possession, or under his control, and which he is required to list for taxation, either as owner or holder thereof, or as * * * agent * * *."

Art. 7162, Subds. 38, 43: "Such statement shall truly and distinctly set forth: * * * 38. Amount and value of shares of capital stock companies and associations not incorporated by the laws of this State. * * * 43. Value of all other property not enumerated above."

The Charter of the City of Dallas provides: Sec. 181: "All property, real, personal or mixed, lying and being within the corporate limits of the City of Dallas on the 1st day of January, shall be subject to taxation, excepting such property as may be exempt from taxation under the Constitution, and the laws of the State of Texas. It shall be the duty of the Assessor and Collector of Taxes, between the first day of January and the first day of July of each year, to make and return to the Governing Body of the City a full and complete list and assessment of all property, both real and personal, held, owned or situated in said City on the first day of January of each year and not exempt from municipal taxation, and also a list of all banks, and other corporations whose capital stock is liable to taxation, with the cash value of the shares of stock of each such bank or other corporation and the names of the owners thereof."

■ The phrase "lying and being within the corporate limits of the City of Dallas," obviously refers to the taxable situs of personal property. Great Southern Life Ins. Co. v. City of Austin, 112 Tex. 1, 243 S.W. 778; Gulf, C. & S. F. Ry. Co. v. City of Dallas, Tex.Com.App., 16 S.W.2d 292 (passing on the Charter of

the City of Dallas). The shares of the Dallas Joint Stock Land Bank having a taxable situs under subsection 2, Sec. 548, 12 U.S.C.A., and articles of the statutes of Texas, supra, in the City of Dallas and not elsewhere, and the assessment under consideration having been legally assessed against the Joint Stock Land Bank as agent for the nonresident shareholders, the Dallas Bank could not escape the liability imposed upon it by the City of Dallas; and appellant having succeeded to all of the Dallas Bank's assets and liabilities under the liquidation act, Sec. 822, Title 12, U.S.C.A., the trial court did not err in rendering judgment against it for the taxes, interest and penalty due and owing by the Dallas Joint Stock Land Bank assessed against its shares of stock owned and possessed by nonresidents. Judgment affirmed.

Affirmed.