BANKERS FARM MORTGAGE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 107827, 109010. Promulgated January 5, 1943.

*John E. Hughes, Esq.*, for the petitioner.
*D. A. Taylor, Esq.*, for the respondent.

OPINION.

LEECH, *Judge:* The facts here disclose a situation similiar in all essential respects to that in the recent case of *Palm Springs Holding Corporation* v. *Commissioner*, 315. U. S. 185. There the Supreme Court held that a reorganization resulted under section 112 (i) of the Revenue Act of 1932, which is here controlling, and that basis of the assets to the new company was the cost basis of the transferor under section 113 (a) (7) of that act.

Respondent, however, contends that the present case may be distinguished and is not controlled by the cited decision. He calls attention to the fact that here the transferor was a joint stock land bank, that it must be considered as a Government instrumentality and thus precluded from being a party to a reorganization unless it be through transfer of its assets to another joint stock land bank. He cites as authority *Speedway Water Co.* v. *United States*, 100 Fed. (2d) 636.

The answer is that the bank was not a Government instrumentality, but a corporation wholly owned by private individuals who directed and operated its business. As was said by Chief Justice Stone in *Federal Land Bank* v. *Priddy*, 295 U. S. 229, in pointing out the differences between Federal land banks, which are governmental instrumentalities, and a bank such as the transferor here:

\* \* \* Joint stock land banks are privately owned corporations, organized for profit to their stockholders through the business of making loans on farm mortgages. § 16. There is nothing in their organization and powers to suggest that they are government instrumentalities. \* \* \*

To the same effect is *Higdon* v. *Lincoln Joint Stock Land Bank*, 223 Iowa 57; 272 N. W. 93, and *Dallas Joint Stock Land Bank* v. *State*, 133 S. W. (2d) 827.

Joint stock land banks are subject to tax upon their earnings as other corporations. *Speedway Water Co.* v. *United States, supra*, cited by respondent, has no present application. There a corporation owning a water system sold its properties to a municipality for a consideration consisting of bonds of the municipality. Not only was the seller solvent (see *LeTulle* v. *Scofield*, 308 U. S. 415), but the purchaser was

a governmental subdivision. No continuity of interest was maintained. The seller could not claim a continuing interest in the property conveyed merely as an owner of municipal bonds.

The argument of respondent that petitioner here could not be considered as the owner of the beneficial interest in the property at the time of the sale, as in the *Palm Springs* case, because petitioner had taken no steps here by judicial proceeding to enforce its liability, overlooks the fact that in the cited case no such steps had been taken as to the building acquired. The petitioner there acquired that property under a cash bid and from the trustee under the bond indenture. Nor can we agree with respondent's further contention that the 50 percent requirement of section 113 (a) (7) is not met here. Prior to the transfer petitioner owned 98.87 percent of the outstanding bonds and consequently an equitable interest of that percentage in the property acquired. After the acquisition it owned an interest of 100 percent.

In the light of the recent decision in *Magruder* v. *Realty Corporation*, 316 U. S. 69, we think that petitioner must be considered as continuing in the business of liquidating the assets. That was the business for which it was organized and, as petitioner's counsel points out, it is substantially the business now being carried on by every joint stock land bank in the country under statute (U. S. C., title 12, sec. 810) forbidding their making any loans except those incidental to the business now on their books.

We hold that petitioner acquired the properties here in question in connection with a reorganization under conditions which entitle it to use the cost basis of the transferor as its basis therefor. *Palm Springs Holding Corporation* v. *Commissioner*, *supra*; *Helvering* v. *Limestone Co.*, 315 U. S. 179; *Commissioner* v. *Kitselman*, 89 Fed. (2d) 458.

An alternative contention was originally made by petitioner. Our decision here, however, disposes of the proceeding and renders moot the question so raised.

*Decisions will be entered under Rule 50.*