J. B. LOCKE v. CHICAGO CHRONICLE COMPANY, Appellant.

**Libel:** EVIDENCE. Though the publication of a libel be admitted evidence of the manner and of the extent of the publication is competent on the question of damages.

SAME. Evidence of the action of an agent for a newspaper corporation in circulating copies of the paper containing a libel is admissible in an action against it for the publication of the libelous article, where he was acting under its instructions, although he knew nothing of the libel.

HARMLESS ERROR. Admitting in evidence the declarations of an agent for a newspaper corporation as to his agency, and that the paper had been sued, and that it would have to sell many papers to realize sufficient money for the payment of the claims, is not prejudicial error in an action against the corporation for libel when the agency was not denied, since the facts that suits were brought against the paper or likely to be brought were shown by defendant's witnesses, and that many papers would have to be sold to realize the amount of the claim was apparent to all people of ordinary intelligence.

PLEA AND PROOF. Evidence in an action for libel that statements contained in the article were false were admissible although the answer did not plead that the statements were true, where the petition alleges that they were false and the answer contained a denial which applied to that allegation.

Agency: SERVICE OF ORIGINAL NOTICE. An agent of a newspaper corporation, employed to advertise it by traveling from town to town and distribute sample copies, and to solicit orders, visited a town, remaining there several days, distributing copies of the paper, and a circular advertising in advance an edition of the paper. He made several collections for the corporation, and sold copies, though without authority from the publisher. *Held*, in an action against the publisher for libel appearing in one of the editions distributed, that such person might be found to be the agent of the corporation for the transaction of the business out of which that suit arose, within Code 1873, sections 2585, 2613, authorizing a corporation to be sued by service on such an agent.

SPECIAL'APPEARANCE. Cures such service, if defective.

*Appeal from Polk District Court.*—HON. W. A. SPURRIER, Judge.

FRIDAY, JANUARY 27, 1899.

ACTION at law to recover damages caused by the publication by the defendant of an article alleged to be libelous. There was a trial by the court without a jury, and a judgment in favor of the plaintiff for one thousand dollars, interest, and costs. The defendant appeals.—*Affirmed.*

*Cummins, Hewitt & Wright* for appellant.

*J. K. Macomber* for appellee.

ROBINSON, C. J.—The defendant is a corporation organized, existing, and operating under the laws of the

state of Illinois, engaged in the business of publishing a newspaper called the *Chronicle*. On Sunday, the nineteenth day of January, 1896, it issued an edition which contained an article concerning the plaintiff and others, which the plaintiff alleges was libelous; and this action was brought to recover damages which it is alleged to have caused. The action was commenced by serving the original notice thereof in January, 1896, on one Osborn Shannon, as an agent of the defendant. In May, 1896, the defendant was adjudged to be in default in not appearing to the action. In September, 1896, a jury was impaneled, testimony was submitted, and a verdict returned in favor of the plaintiff, on which judgment was rendered. On the next day the defendant appeared, and asked to have the default, verdict, and judgment set aside, and for a new trial; and, upon a showing made, the request was granted. The defendant then filed an answer, in which it pleaded in abatement that it is an Illinois corporation, engaged in business in that state; that it has never had an office or agency in this state for the transaction of its business, or any part thereof; that it has never had an agent or clerk employed in any office or agency in this state, and that it has never transacted any business in this state; that it has never appointed an agent in the state, and that Shannon was not connected with any office or agency of the plaintiff within this state; and that service of the notice upon him did not confer upon the court jurisdiction of the defendant. The second division of the answer admits the publication of the article in controversy as alleged, denies all other averments of the petition, and pleads matter in mitigation of damages.

I. The appellant first contends that the district court erred in finding that it had jurisdiction of the defendant through the service on Shannon. This action arose under the Code of 1873. Section 2585 of that code was as follows: "When a corporation, company or individual has an office or agency in any county for the transaction of business, any suits growing out of or connected with

the business of that office or agency may be brought in the county where such office or agency is located." Section 2613 was as follows: "When a corporation, company or individual has, for the transaction of any business, an office or agency in any county other than that in which the principal resides, service may be made on the agent or clerk employed in such office or agency, in all actions growing out of or connected with the business of that office or agency." The first of these sections was construed in *Wickens v. Goldstone,* 97 Iowa, 646, where this court held, in effect, that it did not refer to an agency not located, nor authorize suit, in the county where the agent had an office, which was not, however, used in the business of the principal. The case of *Philp v. Association,* 62 Iowa, 633, involved the service of an original notice on an attorney who had appeared in another action in this state for his principal, an Illinois corporation, and it was held that the service was not sufficient. But the facts of those cases do not bring either within the rule which must govern this case. Nothing in the section quoted requires that the office or agency be permanent, rather than transient, nor that the business carried on be a considerable share of that done by the principal. It is sufficient if the principal have an office or agency in the county in which a suit growing out of, or connected with, the business of that office or agency is brought, and service of the notice be made upon an agent or clerk employed in that office or agency. There must be an office or agency, and an agent or clerk employed therein, but no fixed rule is given for ascertaining what constitutes an office or agency. That must necessarily be determined by the facts in each case. There is some conflict in the evidence respecting the facts in this case, but the court was authorized to find that they were as follows: Shannon was employed by the defendant to advertise its newspaper in the cities and towns which are in the territory surrounding Chicago. His duties required him to go from town to town to advertise the paper, and

distribute freely upon the streets and in business places of each town sample copies which were transmitted to him from time to time. He was required to solicit persons to order the paper through local dealers, to hang up sample copies of pictures which the defendant was at that time accustomed to deliver with each copy of its Sunday papers, and to distribute handbills advertising the paper. He visited Des Moines, and there remained five days, and during that time he received a large number of copies of the paper, and was active in circulating them throughout the town. He kept copies of the paper at his hotel, and there distributed them to newsboys. Some copies he gave away, and others he sold, although the defendant claims that he was forbidden to sell any of them. He also made some collections for the defendant. The defendant had sent a reporter to Des Moines to investigate certain charges in regard to the removal of bodies of deceased persons from graves, on account of which several medical students had been arrested, and his account of the matter is the article in controversy. Copies of a small handbill which called attention to the *Chronicle* of the next Sunday for "Complete Details of the Des Moines Grave Robberies. A Thrilling Story of the Crime with Which Seventeen Students of Drake Medical College Stand Charged,"—were sent to Shannon, and were distributed to increase the circulation of the edition which contained the article in question. Shannon distributed five hundred copies of the Sunday edition, and distributed as many of other editions each day while he was in Des Moines. It is clear that Shannon was engaged in transacting the business of the defendant, and that an important part of that business was the distribution of copies of the edition which contained the libelous article. We are of the opinion that whether the defendant had an agency in Polk county, within the meaning of the statute, for the transaction of a part of its business, and whether this action grew out of, or was connected with, the business of that agency, were not

questions of law, but of fact, for the determination of the court trying the facts, and that its findings as to them have such support in the evidence that we are not authorized to disturb them. See *Gross v. Nichols,* 72 Iowa, 239.

II.   The same conclusion must be reached on another ground.   The district court had jurisdiction of the subject-matter of the action; and by its appearance to the action, even though for a special purpose, jurisdiction to determine the case upon its merits was conferred upon the court.   The recent case of *Lesure Lumber Co. v. Mutual Fire Ins. Co.,* 101 Iowa, 514, is applicable on that point, and is decisive.   See, also, *Moffitt v. Chronicle Co.,* 107 Iowa, 407.

III.   The court permitted the plaintiff to show what Shannon did to circulate copies of the paper which contained the libel.   It is said that he knew nothing of the libel, and that, as the printing and publication of it were admitted, proof of what Shannon did was incompetent to show malice.   He was the agent of the defendant, acting under its instructions, and acted for it in circulating the papers.   It was certainly competent to show in what manner and to what extent the paper circulated, as applicable to the question of the damages to which the plaintiff was entitled.

The defendant complains of rulings of the court which permitted the plaintiff to show that statements contained in the article in question which affected him were false, on the ground that the answer did not plead that the statements were true.   The petition alleged that they were false, and the answer contained a denial which applied to that allegation; and proof that it was true was properly admitted.

IV.   Judge Stevenson, one of the judges of the district court of Polk county, was called as a witness, and stated that Shannon testified as a witness in the case of *Moffitt v. Chronicle Co.;* and in response to the question, "State what he said; whether or not he stated that he was agent for the

company here in January, 1896,"—he was permitted, notwithstanding an objection of the defendant, to answer, "I remember that he stated that he was here on behalf of the defendant company on or about the time the publication was said to have been made, for the purpose of circulating it." He was then asked, "Had you seen that identical man before in the city of Des Moines?" and answered, "I remember of having seen him on the corner of Fifth and Walnut, and, while I was waiting for a car, heard him say, 'We have just been sued for $100,000;' and I turned to him and asked him what paper it was that had been sued, or who had been sued, and he said it was the *Chronicle.* He mentioned Mr. Locke's name in that connection, and I think he said, 'We will have to sell a good many papers to get money enough to pay that $100,000.'" A motion to strike out so much of that answer as purported to give the conversation with Shannon, on the grounds that it was not responsive to the questions, and that the declarations of Shannon were not admissible in evidence upon any issue in the case, was overruled. It was not competent to prove Shannon's agency by his declarations, nor to show that the *Chronicle* had been sued, and that it would have to sell many papers to realize sufficient money for the payment of the claims, but prejudice to the defendant could not have resulted from the testimony in question. That Shannon was the agent of the defendant was a fact not denied, but was shown by the testimony for the defendant; that suits had been brought against the *Chronicle,* or were likely to be brought, was a fact shown by witnesses for the defendant; and that many papers would have to be sold to realize one hundred thousand dollars was a fact apparent to all people of ordinary intelligence. Although the testimony in question should have been rejected, its admission is not ground for a reversal of the judgment. Objection is also made to testimony given by J. K. Macomber, but we think there was no prejudicial error in receiving it. The judgment of the district court appears to be right, and it is AFFIRMED.