WARREN KALBACH et al., Appellants, v. SERVICE STATION EQUIPMENT COMPANY, Appellee.

MARCH 12, 1929.

*Devitt & Eichhorn,* for appellants.

*Thomas J. Bray,* for appellee.

DE GRAFF, J.—This proceeding involves a question of jurisdiction; and the action giving rise thereto is an action *in personam.* The defendant, after service of the original notice upon

the general agent of the defendant foreign corporation, entered a special appearance, to which the plaintiffs filed a resistance. Upon the issues thus joined, the matter was heard in the district court of Iowa in and for Mahaska County, and the plaintiffs' petition was dismissed. Did the court correctly rule the proposition? That is the question.

The record establishes conclusively that service was made on J. C. Markey, general agent of the defendant corporation, in Oskaloosa, Iowa, on the 10th day of August, 1927. Was the defendant foreign corporation doing business, within the meaning of that term, within the state of Iowa at the time of service? This case does not involve the construction of the interstate commerce clause of the Federal Constitution. It is not a case of mere solicitation in this state by an agent of a foreign corporation for orders which must be approved and the goods shipped from the home office of the foreign corporation, but it is a case where a general agent of the defendant foreign corporation was in the state of Iowa, acting for and on behalf of the foreign corporation.

It is true that the contract in suit was not entered into between the plaintiffs and the defendant, but was a contract between plaintiffs and the Western Manufacturing Company. However, it appears from the testimony of the secretary, Mr. Timbrel, of the Western Manufacturing Company, that the company "sold out" to the defendant Service Station Equipment Company, and that, prior to August, 1927, Timbrel wrote a letter to the defendant Equipment Company in reference to arranging for a lease on the building in which the Equipment Company was interested. In reply to that letter, the secretary was informed that Mr. Markey would visit Oskaloosa within the next few days, and "will be glad to discuss with you the matter of the building."

The evidence is clear that the defendant corporation had an interest in the subject-matter, and, in a letter written in July, 1927, by the defendant Equipment Company, through J. C. Markey, general manager, to Mr. A. K. Walling, the subject-matter referred to the terms of the lease of the building, and in reference thereto it is said:

"We would be pleased to extend to the man whom you men-

tion as being interested in our plant, terms of a period over five years.''

The defendant is an industrial corporation, incorporated under the laws of Ohio, and engaged at Bryan, Ohio, in the manufacturing of equipment for filling stations. It did not maintain any office or place of business in the state of Iowa, but the general manager was transacting business on behalf of his corporation at the time that the service in question was made on him.

The service of process is only for the purpose of bringing a person within the jurisdiction of a particular court. The statute law of Iowa defines the method of process, and that method must be respected.

We are not concerned here with the permit law of this state, requiring that a foreign corporation shall secure a license to do business in Iowa or subject itself to penalty prescribed for failure so to do. Chapter 386, Code of 1927. See *Service System v. Johns,* 206 Iowa 1164; *Reliance Motor Co. v. Craig,* 206 Iowa 804.

It may not be said that the presence of the general agent of the defendant corporation in Mahaska County at the time of service of notice was merely casual. The term ''doing business'' by a foreign corporation in a state other than its legal domicile, as stated by the Supreme Court of the United States, means that the business must be of such a character as to warrant the inference that the corporation has subjected itself to the local jurisdiction, and by its duly authorized officers or agents is present within the state or district where the service is attempted. See *American Asph. Roof Corp. v. Shankland,* 205 Iowa 862, with cases cited. The difficulty in the application of cases of this character may be attributed to the fact that each case must necessarily be bottomed and determined upon the facts peculiar thereto. It cannot be questioned that the right exists in each state to enact laws for the service of original notice upon foreign corporations in such state, subject to whatever constitutional limitations may exist. It is not the province of the judicial department to encroach upon the prerogatives of the legislative department and question its policy or wisdom in the enactment of any law. We therefore turn to the law in question, governing the manner of commencing an action and the

service of notice on the defendant, as applied to corporations.

The law in question is Section 11072, Code of 1927. This particular section of the Code has been the law of Iowa for many years; and in order to determine its meaning, an analysis of its provisions will prove quite helpful. This law pertains to the service of notice of suit on (1) any corporation or person owning or operating (a) any railroad, (b) canal, (c) steamboat or other river craft, (d) any telegraph, telephone, stagecoach, car line; or (2) any express company; or (3) any foreign corporation. It is seen, therefore, that the division includes: (A) Corporations or persons owning or operating (a), (b), (c), and (d), supra; (B) any express company; (C) any foreign corporation.

It may further be noted that this statute provides that service may be had upon any general agent of such corporation, company, or person *wherever found* (in Iowa), or upon any station, ticket, or *other agent*, or person transacting the business thereof or selling tickets therefor in the county where the action is commenced. If there is no such agent in said county, then service may be had upon any such agent or person transacting said business in any other county. The analysis leads to the conclusion that the classification is subject to divisions: (D) Any general agent of such corporation, company, or person, wherever found; (E) any station, ticket, or other agent or person transacting the business thereof or selling tickets therefor in the county where the action is commenced; (F) any such station, ticket, or other agent or person transacting said business in any other county.

It is apparent, therefore, that the word "or," when used in Section 11072, is of material importance. It is not a conjunctive, but a disjunctive. When the word "or" is used as a conjunctive, it groups the subjects into classes, and when used in a disjunctive sense, it separates the classes. See *Gaynor's Case*, 217 Mass. 86 (104 N. E. 339).

The next step in the analysis is to apply the divisions of those who may be served with notice to the divisions of those against which the action is commenced. It is obvious that, when action is commenced against either (A), (B), or (C), service may be had upon Class (D),—i. e., any general agent of (A), (B); or (C), wherever found; *or* when action is brought against either (A), (B), or (C) in counties where there exists a class

within the meaning of (E),—i. e., station, ticket, or other agent or person transacting the business *thereof* or selling tickets *therefor in that county*; or when action is brought against (A); (B), or (C) and there is no such Class (E) upon which service may be had, then Class (F) may be subject to service.

It is manifest, therefore, that there is no proviso that defendants (A), (B), or (C), to become subject to action in the courts of Iowa, must own or operate (a), (b), (c), or (d) of Division (A); nor that (B) shall operate as an express company in the state; nor that (C) shall be engaged in business in the state of Iowa, or maintain an office or agency, keeping in mind the interstate commerce clause of the Constitution of the United States.

We are not in a position to place artificial limitations on the meaning of Section 11072. With these principles and classifications in mind, it will be seen that, when the instant action was commenced, service of notice was had in Iowa on a general agent of the defendant foreign corporation as to business of said corporation in Iowa.

The early legislation on this subject intended that a person against whom an action was commenced in a court of Iowa could be served with notice of suit if he was found in Iowa; and, going further, that, if such person had a general agent (that is, one who is clothed with general authority to act for his principal) who could be found within the state, service might be had upon him. The same logic applies when a corporation is substituted for a natural person, and it follows that the early legislation intended that, in the event that an action was commenced against a corporation or company in Iowa, the exact conditions prevail as provided for a natural person. It would not appear a proper construction, keeping the legislative intent in mind, that the legislature would give a greater advantage to a corporation in the way of evading service in actions than it gave to natural persons. It is manifest also that, when service cannot be secured on *a general agent*, wherever found, the service on a station, ticket, or other (than general) agent or person transacting the business thereof or selling tickets therefor in the county where the action is commenced, is valid.

We therefore conclude that a general agent in Iowa, when engaged in business transactions for his principal, whether he is

acting within the strict line of the corporate business or whether he is acting within the general and express powers given by his principal, is subject to service within this state, and that such service binds his principal, unless his acts are within the purview of the interstate commerce clause. A general agent of a foreign corporation, acting for it, cannot divest himself of his general powers to represent his principal and come into Iowa without those powers. The principal confers the powers of general agency, and those powers remain until the principal has withdrawn them. It is not the boundary line of a state which determines the powers of a general agent. The legislature, by the enactment of Section 11072, did not intend to make it difficult, nor prevent the securing of service in actions commenced in this state. On the contrary, it is clear that the legislature intended that the securing of service in actions commenced in this state should be made easy. The sections of the Code following the section in question make this evident.

Under the instant facts, the general manager, Markey, was in Iowa on the business of the defendant. Even one of the employees of the defendant admits that the defendant needed information for certain purposes as to the contract in question. The "business" of a corporation is not confined strictly to the powers declared in the charter which created it an entity. The "business" also involves the caring for the property which may belong to the corporation, or in which it has an interest. This may be viewed as incidental to the purposes as declared in its articles of incorporation; but, nevertheless, it is business connected with the corporation, over which the general agent had power to act. He was so acting at the time of the service upon him in Iowa.

We have noticed that the statute specifically states that a general agent may be served with notice wherever found. Of course this means within the limits of the state of Iowa. There are no qualifications, reservations, or limitations found in the particular statute. No constitutional question is involved. The legislature has defined the rule, and in the light of the rule so defined, this court must follow the legislative pathway.

The judgment entered by the trial court is—*Reversed*.

ALBERT, C. J., and STEVENS, FAVILLE, and MORLING, JJ., concur.