Gerrit Arie **DEN HEIJHER**, Plaintiff,

v.

**ERIE RAILROAD COMPANY** and Horace F. Banta, Trustee for New Jersey & New York Railroad Company, Defendants.

United States District Court
S. D. New York.
Feb. 20, 1959.

Harry Edelstein, New York City, for plaintiff.

Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, J. Roger Carroll, New York City, of counsel, for defendant Erie R. Co.

McLanahan, Merritt & Ingraham, New York City, Norman H. Plummer, New York City, of counsel, for defendant Horace Banta, Trustee.

DIMOCK, District Judge.

These are motions to set aside the service of the summons and complaint alleged to have been made upon defendant Horace F. Banta, Trustee for New Jersey & New York Railroad Company. The action is one under the Federal Employers' Liability Act, 45 U.S.C. section 51 et seq., to recover damages for personal injuries alleged to have occurred in Rockland County, New York, within the Southern District of New York.

The papers were actually delivered within said District to Alexander Angyal, the station agent at Spring Valley, New York. An affidavit filed with the summons describes him as "the General Manager of New Jersey and New York Railroad Company and the person in charge

of defendant's business in [New York] state."

Defendant Banta, as Trustee under Section 77 of the Bankruptcy Act, 11 U.S.C. section 205, operates the New Jersey & New York Railroad. It furnishes passenger and freight service from Spring Valley, New York, to Hoboken, New Jersey. By far the greater part of its mileage is in New Jersey. The rest is in the Southern District of New York. Of its twenty-two stations, three, Spring Valley, Nanuet and Pearl River are in New York. Defendant Banta lives and has his office in New Jersey.

■ The question as to the validity of the service upon the Trustee is to be determined as though the corporation were the party defendant. Eddy v. Lafayette, 163 U.S. 456, 464, 16 S.Ct. 1082, 41 L.Ed. 225; Jacobwitz v. Thomson, 2 Cir., 141 F.2d 72.

Under Rule 4(d) (3), F.R.Civ.P., service upon a corporation is to be effected by delivering a copy of the summons and complaint "to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process".

■■ There is no doubt that defendant Trustee was doing business within the State of New York so as to make him amenable to service. He operated at least three eastbound and at least four westbound passenger trains between Spring Valley and Hoboken every business day, besides freight traffic. To paraphrase the language of International Shoe Co. v. Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95, these operations establish sufficient contacts or ties with the Southern District of New York to make it reasonable and just, according to our traditional conception of fair play and substantial justice, to permit the enforcement in that District of obligations which defendant trustee has incurred there. The only question in the case is, therefore, whether Angyal was a "managing or general agent".

Where practice regulations permit service upon a foreign corporation by delivery of the summons to an agent, whether described as a "managing agent", as in section 229(3) of the New York Civil Practice Act, or as a "managing or general agent", as in Rule 4(d) (3) of the Federal Rules of Civil Procedure, the intent must be that, in any case where the operations of the corporation within the jurisdiction are sufficiently extensive to make it amenable to service there, delivery of the summons to the highest ranking person who is in charge of those operations and within the state will be effective. See Snyder v. J. G. White Engineering Corp., D.C.S.D.N.Y., 60 F. Supp. 789, 791. The question thus arises whether Angyal can be said to have been in charge of the Trustee's business within the State of New York. As above stated, plaintiff made the flat statement that Angyal was the general manager of New Jersey and New York Railroad Company and the person in charge of its business in New York. This is denied in the moving affidavits. The affidavits of Angyal was submitted and he describes his position as follows:

"I am the station agent at Spring Valley, New York, employed by the Erie Railroad Company, from which Company I receive my salary and which Company exercises control over and direction of my activities and all my reports are made to said Erie Railroad Company. There are two stations in Spring Valley, one for freight and the other for passengers, and I work in both performing services as freight and ticket agent. In my work at the freight station I receive and forward freight shipments, arrange for delivery of the same, and perform the necessary paper work with respect to the preparation of freight receipts, bills of lading, etc. In my work at the passenger station I sell passenger tickets. Only a small portion of my time is spent in connection with passenger traffic and ap-

proximately 90% of my duties involve the handling of freight.

"The freight and passenger stations at Spring Valley in which I work are used not only by the trains of the Erie Railroad Company but also by the trains of The New Jersey and New York Railroad Company (Horace Banta, Trustee). In the course of my work, on instructions from my employer, Erie Railroad Company, I handle not only freight shipped via the Erie Railroad Company but also freight shipped via The New Jersey and New York Railroad Company. Likewise, passenger tickets are sold by me to passengers using the New Jersey and New York Railroad as well as to passengers using the Erie Railroad.

"I understand that there is an arrangement between my employer, Erie Railroad Company, and the Trustee of The New Jersey and New York Railroad Company under which the latter pays my employer for part of the expenses of maintenance of the station facilities at Spring Valley, including my salary."

I do not think that these allegations overcome the flat statement that Angyal is the person in charge of the Trustee's business in the State of New York. There is nothing improbable in that statement. The defendant Trustee has his office in New Jersey so that the railroad is directed from that state and there is no need for a special superintendent for the operation of the small part of the mileage which lies in New York. There is no reason to believe that the station agents at the other two New York stations, Nanuet and Pearl River, have any more exalted status than that of Angyal. Indeed, the probabilities are that they are the three permanent representatives of the Trustee in the State of New York and that they are of equal rank. Whether Angyal was the only station agent in New York or one of three of equal rank, I think that, on

the record, he was a managing or general agent.

The Trustee makes the point that he does not pay Angyal directly, that the payment for his services is made as part of a lump sum payment to the Erie Railroad for the use of its station and of Angyal's services at Spring Valley. To constitute one a managing or general agent of a defendant it is not necessary that payment for his services be made directly to him by the defendant. It is sufficient if, as here, his services are rendered at the direction and for the benefit of the defendant.

Service was properly made upon Angyal as defendant Trustee's managing or general agent for business in which defendant Trustee was engaged in New York.

Defendant has also moved for a dismissal of the "Fifth Cause of Action" in the amended complaint on the ground that it is barred by the statute of limitations.

On the face of the amended complaint it appears that the accident or occurrence took place on June 14, 1954, more than three years prior to the commencement of the action. It further appears that plaintiff's action is based on the Federal Employers' Liability Act, 45 U.S.C. section 51 et seq., which provides in section 56 thereof that "no action shall be maintained * * * unless commenced within three years from the day the cause of action accrued".

Plaintiff submits nothing to indicate that the claim based on the accident of June 14, 1954, can be saved. Action upon it not having been begun within the required time, the claim in this Fifth Count must be dismissed.

Motion to set aside service of the summons denied.

Motion for judgment dismissing the Fifth Count granted.

So ordered.