**DE CLAIRE MINK RANCHES, a corporation, Plaintiff,**

v.

**FEDERAL FOODS, INC., a corporation, Defendant.**

**Civ. No. 1158.**

United States District Court
N. D. Iowa, W. D.
March 7, 1961.

Sylvester F. Wadden (of Sifford & Wadden), Sioux City, Iowa, for the plaintiff.

Robert R. Eidsmoe (of Gleysteen, Nelson, Harper, Kunze & Eidsmoe), Sioux City, Iowa, for defendant.

GRAVEN, District Judge.

This action was brought by the plaintiff to recover damages for an alleged breach of an implied warranty of fitness in regard to a commercial mink food. The food in question was manufactured

by the defendant and sold by it to the plaintiff for use in feeding the animals raised on the plaintiff's mink ranch. The action was originally commenced in the District Court of Iowa, in and for Woodbury County, and was subsequently removed to this Court pursuant to the provisions of Section 1441 of Title 28 U.S. C.A. The plaintiff is a corporation organized and existing under the laws of the State of Iowa. The defendant is a corporation organized and existing under the laws of the State of Wisconsin. The defendant has moved to quash the service of process (original notice) made upon it when the action was commenced in the state court, and this is a ruling upon that motion.

The service of process (original notice) in question was made in Sioux City, Iowa, upon one Richard Wood, who was employed by the defendant as a truck driver. Richard Wood was, at the time of the service, a resident of Cedarburg, Wisconsin, and had been sent to Sioux City by the defendant to pick up and return to the defendant a quantity of mink food which had previously been delivered by it to the plaintiff and which had been rejected by the plaintiff. Defendant urges in support of its motion to quash service that the defendant was not "doing business" in the State of Iowa so as to make it amenable to service of process here. Defendant further asserts that, even if it is found to be "doing business" in Iowa, Richard Wood was not a person authorized either by appointment or by law to receive process (original notice) on behalf of the defendant. In support of its motion, the defendant has offered the affidavit of its secretary-treasurer which describes the extent of defendant's activities in the State of Iowa and the relationship between the defendant and Richard Wood. In resistance to the motion, the plaintiff has offered the affidavit of its president as to his knowledge of the activities of the defendant in the State of Iowa and the nature of the mission being performed by Richard Wood at the time of the challenged service. The two affidavits are not in basic disagreement as to the facts involved.

The defendant has not formally qualified under the laws of this state to do business in Iowa. It has no agents or representatives who reside in Iowa and maintains no office, agency, inventories, telephone listings, or bank account in this state. It does not own or lease any real or personal property in Iowa. Defendant engages one salesman for the Iowa territory. That salesman resides in Illinois and his territory includes the states of Illinois and Minnesota as well as Iowa. The salesmen of defendant contact mink ranchers and explain the defendant's products and quote general prices. If orders are obtained, the salesmen fill out an order form and mail it to the home office in Thiensville, Wisconsin. All orders must be approved and accepted by the home office and selling and pricing is controlled entirely by that office. The defendant makes most of the deliveries of its product in refrigerated trucks. The drivers of the trucks, such as Richard Wood, are employees of the defendant. The drivers do not engage in selling and are not qualified consultants as to the use of defendant's products. The drivers make deliveries, help the customers unload their orders, and obtain the customer's signature on a delivery receipt. It is not customary for the drivers to make collections although occasionally this is done in the case of a delinquent account. On the few occasions when payment of an account is made to a driver, the payment is remitted in kind by the driver directly to the home office.

■ It is well settled that the jurisdiction acquired by a Federal Court in an action removed from a state court is derived from the state court. If that court lacked jurisdiction over the parties, the Federal Court is powerless to proceed even if under the applicable federal standards for service of process the service would have been proper. Lambert Run Coal Co. v. Baltimore & Ohio R. Co., 1922, 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671; Bomze v. Nardis Sportswear, Inc., 2 Cir., 1948, 165 F.2d 33; Shannon

v. Brown & Williamson Tobacco Corp., D.C.1958, 167 F.Supp. 493, 494; Samson v. General Cas. & Ins. Co., D.C.N.D.Iowa 1952, 104 F.Supp. 751, 752. In the case of Bomze v. Nardis Sportswear, Inc., supra, Judge Learned Hand stated (at page 35 of 165 F.2d):

"By removal a defendant does not lose his right to challenge the invalidity of the service in the state court; and thus the first question is whether the service was valid under the New York [state court] decisions. If we conclude that it was not, of course the case ends * *."

It is manifest that even if a foreign corporation is doing business in a particular state, the courts of that state may not secure jurisdiction over it unless proper service of process is made. This requires that the service must be upon someone who is legally recognized as a proper person to receive the same on behalf of the corporation. See American Asphalt Roof Corp. v. Shankland, 1928, 205 Iowa 862, 219 N.W. 28, 30, 60 A.L.R. 986; Amtorg Trading Corp. v. Standard Oil Co., D.C.1942, 47 F.Supp. 466, 468.

In order to determine the validity of the service which was made to commence the action in the state court, it is necessary to consider Rule 56 of the Iowa Rules of Civil Procedure, 58 I.C.A., and certain Iowa Code provisions relating to the service of original notice. Rule 56 provides, in part:

"Original notices are 'served' by delivering a copy to the proper person. Personal service may be made as follows:

*    *    *    *    *    *

"(f) Upon * * * a domestic or foreign corporation, by serving any present or acting or last known officer thereof, *or any general or managing agent*, or any agent or person now authorized by appointment or by law to receive service of original notice * * *

"(g) If the action, whether against an individual, corporation, partnership, or other association suable under a common name, arises out of or is connected with the business of any office or agency maintained by the defendant in a county other than where the principal resides, by serving any agent or clerk employed in such office or agency." (Emphasis supplied.)

It may be seen that Rule 56 provides that personal service may be made upon a foreign corporation by serving: (1) any present, acting or last known officer; (2) any general or managing agent; (3) any agent or person authorized by appointment or by law to receive service; or (4) as to actions arising out of the business of an office or ageny maintained in the state, by serving any agent or clerk employed in such office or agency. In 1 Cook & Loth, Iowa Rules of Civil Procedure (rev. ed. 1951), at pages 336–37, the authors set forth comments by the Advisory Committee which assisted in the preparation of the Iowa Rules. The comment pertaining to Rule 56(f) is as follows:

"*Subdivision (f)*. Embraces parts of but does not supersede Code, §§ 11077, 11072, 11073, 11074 [Sections 617.6, 617.3, 617.4, 617.5 Code of Iowa 1958, I.C.A.]. * * *"

Of the statutes above referred to, only Section 617.3, Code of Iowa 1958, I.C.A., is relevant. That section provides:

"*If the action is against any* corporation or person owning or operating any railway or canal, steamboat or other river craft, or any telegraph, telephone, stage, coach, or car line, or against any express company, or against any *foreign corporation, service may be made upon any general agent of such corporation,* company, or person, *wherever found, or upon any* station, ticket, or *other agent, or person transacting the business thereof* or selling tickets therefor *in the county where the action is brought; if there is no such agent in said county, then service may be had upon any such agent or person*

*transacting said business in any other county."* (Emphasis supplied.)

■ In the case of Kalbach v. Service Station Equipment Co., 1929, 207 Iowa 1077, 224 N.W. 73, the Iowa Supreme Court made a detailed analysis of the scope and effect of Section 617.3 which was then Section 11072, Code of Iowa 1927. In the Kalbach case the Court pointed out that Section 617.3 pertains to individuals who are carrying on certain designated businesses closely related to communication or transportation and that it also pertains to "any foreign corporation." The persons who are designated by Section 617.3 as proper individuals to receive an original notice on behalf of foreign corporations include: (1) any general agent of the corporation wherever found in the state; (2) any other agent (not a general agent) or person "transacting the business" of the corporation in the county where the action is brought; or (3) if there is no agent available in the county where the action is brought, upon any agent or person "transacting said business" in any other county. Kalbach v. Service Station Equipment Co., supra, at pages 75–76 of 224 N.W. Rule 56 and Section 617.3 together set forth seven categories of individuals upon whom personal service may be made on behalf of a foreign corporation. Some of these may be eliminated immediately for purposes of testing the status of Richard Wood, the truck driver in the present case. He is not an officer of the corporation, he has not been authorized by the corporation to receive service on its behalf, and he is not an agent employed in an office or agency maintained in the state by the defendant as it maintains no such office or agency. For a case involving this latter situation, see Locke v. Chicago Chronicle Co., 1899, 107 Iowa 390, 78 N.W. 49. It is left to determine whether Richard Wood was a "general agent" as that term is used in Section 617.3, a "general or managing" agent as those terms are used in Rule 56, or "any other agent or person" transacting the business of the defendant in the county where the action was brought.

■ In the case of Little v. Minneapolis Threshing Machine Co., 1914, 166 Iowa 651, 147 N.W. 872, the Iowa Supreme Court was faced with the problem of determining whether a particular individual was a "general agent" within the meaning of Section 3529 of the 1907 Supplement to the Code of Iowa. This section was identical to Section 617.3. The Court stated (at page 873 of 147 N.W.):

> "A 'general agent' is one who is authorized to transact all the business of his principal at a particular place or of a particular kind, generally."

Under that definition, the Court in the Little case found that the service of notice on a district sales manager was sufficient to secure jurisdiction over the foreign corporation which he represented. In Kalbach v. Service Station Equipment Co., supra, the Iowa Court (at page 75 of 224 N.W.) described a general agent as "one who is clothed with general authority to act for his principal." It seems clear that Richard Wood, upon whom service was made in the present action, did not possess the type of general authority which is necessary to qualify as a general agent under the statute.

■■ It is to be noted, however, that while Section 617.3 speaks merely of a "general agent," Rule 56 speaks of serving a "general or managing agent." There is apparently no Iowa law interpreting this phrase as it is used in Rule 56. There is no reason to assume that it is descriptive of a broader category of individuals or would include less responsible individuals than the term "general agent" as used in Section 617.3. Federal Rule of Civil Procedure 4(d) (3), 28 U.S.C.A., is very similar to Iowa Rule 56(f) and it refers to service upon a "managing or general agent." In the case of Den Heijher v. Erie R. Co., D.C. 1959, 171 F.Supp. 174, the Court indicated that the term "managing agent" as used in Rule 4(d) (3) referred to the

highest ranking person in charge of a corporation's operations within the state. In Cohen v. American Window Glass Co., D.C.1941, 41 F.Supp. 48, the Court refused to uphold the service of process which was made on a salesman soliciting orders for a foreign corporation in New York where the orders were subject to acceptance at the corporation's home office in Pittsburgh. The Court considered Rule 4(d) (3) and held that the salesman was not a "managing or general agent" as that term is used therein. The Court equated the provisions of the Federal Rule with the provision in the New York Civil Practice Act for service upon the "managing agent" of a foreign corporation, stating (at pages 49–50 of 41 F. Supp.):

" * * * 'A managing agent must be some person invested by the corporation with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent or attorney, who acts in an inferior capacity, and under the direction and control of superior authority, both in regard to the extent of his duty and the manner of executing it'. * * * "

It is the view of the Court that Richard Wood does not qualify as a "general or managing agent" as that term is used in Rule 56 of the Iowa Rules of Civil Procedure.

The only other provision under which Richard Wood might qualify as a proper subject to receive personal service on behalf of the defendant is that portion of Section 617.3 which provides that service may be made on any "other agent, or person transacting the business" of a foreign corporation "in the county where the action is brought." In Kalbach v. Service Station Equipment Co., supra, the Court, in discussing Section 617.3, observed (at page 75 of 224 N.W.):

"It may be further noted that this statute provides that service may be had upon any general agent of such corporation * * * or upon any station, ticket, or *other agent*, or person transacting the business

thereof * * * in the county where the action is commenced. * * * * "

The Court went on to state (at page 76 of 224 N.W.):

" * * * It is manifest also that, when service cannot be secured on *a general agent* wherever found, the service on a station, ticket, or other (than general) agent or person transacting the business thereof * * * in the county where the action is commenced is valid."

The last passage was quoted with approval in Reko v. United States Trotting Ass'n, D.C.S.D.Iowa 1953, 14 F.R.D. 25, 29.

In the Kalbach case the Court found that the individual who had been served was in fact a general agent of the foreign corporation and thus did not have to give a holding as to the scope of the provision for service upon "any [other] agent, or person." There is apparently no Iowa case authority dealing directly with the scope to be accorded this phrase. Seemingly, any agent or person who is in some way transacting the business of a foreign corporation in Iowa might fall within the language of Section 617.3 regardless of the scope of his authority or discretion if there is no "general agent" of the corporation available for service.

In Jansma Transport, Inc. v. Torino Baking Co., 1960, 27 Ill.App.2d 347, 169 N.E.2d 829, 830, a recent Illinois case involving the service of process upon a domestic corporation, the applicable statute provided for service upon "any officer or agent of said corporation found anywhere in the City of Chicago." Service in that case was made upon an eighteen year old girl who had been employed by the defendant corporation for only a month in the capacity of selling bread in defendant's bakery. The Illinois Appellate Court held such service to be invalid. In interpreting the statute, the Court stated (at page 831 of 169 N.E.2d):

" * * * It would seem that if an agent is served, he must be one whose connection with the company

is such, or whose employment is of such character that he impliedly had authority to receive process, and would be likely to inform the corporation of service of summons. * * * We know of no case in which employment and agency are considered identical. We think that the word as used in this statute imports something more than an employee."

 It is the view of the Court that Richard Wood was an employee of the defendant rather than an agent of the defendant. It is the further view of the Court that the word "agent" in Section 617.3, Code of Iowa 1958, I.C.A., imports something more than an employee. However, if he be regarded as an "agent" of the defendant, it cannot be said he was "transacting the business" of the corporation within the meaning of that Section. It provides that in the absence of a general agent valid service may be made upon any "station, ticket, or other agent, or person" transacting the business of a foreign corporation in the county where the action is brought. The rule of statutory construction known as "ejusdem generis," to the effect that where specific words of the same nature are used in a statute followed by the use of general ones, the general terms take their meaning from the specific ones, has been applied by the Iowa Supreme Court. State v. Cusick, 1957, 248 Iowa 1168, 84 N.W.2d 554, 556; Grant v. Norris, 1957, 249 Iowa 236, 85 N.W.2d 261, 267; Geer v. Birmingham, D.C.N.D.Iowa 1950, 88 F.Supp. 189, 224. If such a rule is followed in the present case, the words "any other agent or person" transacting business in the county would imply that they must be agents or persons located within the county, such as a station or ticket agent. Such a construction does not create a duplication of Rule 56(g) of the Iowa Rules of Civil Procedure providing for service upon an agent or clerk in an office or agency maintained in the county, as that provision is limited to actions growing out of the business of

such office or agency while Section 617.3 contains no such limitation.

It is the holding of the Court that Richard Wood was not a proper person to receive the service of original notice for the defendant under Iowa Rule of Civil Procedure 56 or under Section 617.-3, Code of Iowa 1958, I.C.A., and that defendant's motion to quash service be and the same is hereby sustained. This holding makes it unnecessary to consider whether the defendant corporation's activities in this state were such as to constitute "doing business" within the Iowa Court's standards for subjecting foreign corporations to suit within this state. Unless service of process is made in the proper manner, this question is not material.