Shirley A. CONIGLIO, Plaintiff,

v.

Mary C. HOLLEY, Defendant.

Mary C. HOLLEY, Third-Party Plaintiff,

v.

CHAS. PFIZER AND CO., Inc., Third-Party Defendant.

Civ. No. 65-C-2016-C.

United States District Court
N. D. Iowa,
Central Division.

Oct. 26, 1965.

Haney, Walsh & Wall, Omaha, Neb., Wetz & Cosgrove, Sioux City, Iowa, for plaintiff.

Don N. Kersten, Fort Dodge, Iowa, Leighton A. Wederath, Carroll, Iowa, for defendant and third-party plaintiff.

Mark McCormick, Fort Dodge, Iowa, for third-party defendant.

HANSON, District Judge.

This is a ruling on a motion to quash service of process. The motion is in three paragraphs. Paragraphs 2 and 3 state that the Third-Party Defendant was not properly served under Section 496A or Section 617.3 of the Iowa Code. The Third-Party Plaintiff does not contend that service was made under either of these two sections and they will not be discussed. Paragraph 1 of Third-Party Defendant's motion states generally that the Third-Party Defendant is not amenable to service of process in Iowa in this case.

The Third-Party Plaintiff, Holley, served the Third-Party Defendant, Pfizer and Co., under Rule 4(d) (3) of the Federal Rules of Civil Procedure. That Rule states: "Service shall be made as follows: * * * Upon a foreign corporation * * * by delivering a copy of the summons and of the complaint to * * * a managing or general agent * * *."

The man served by the Third-Party Plaintiff is Charles Barnes. The deposition of Charles Barnes has been submitted to the court to be considered in making the findings necessary to decide the issues. Barnes is employed by Pfizer and Co. and works in Iowa. His title is Professional Sales Representative. His territory includes Hamilton, Story, Boone and Greene Counties in Iowa, together with the northwest corner of Polk County which includes a portion of the City of Des Moines, Iowa. He handles 50 drugs and does $76,000.00 worth of business in Iowa per year. His job, among other things, is to effect sales of the Pfizer and Co. drugs and to promote and exhibit the products. Pfizer and Co. has at least seven other Professional Sales Representatives in Iowa. Some of this seven do more than $76,000.00 worth of business in Iowa per year and some of them do less than this. Barnes is furnished an automobile and a complete expense account by Pfizer and Co. Clinics, hospitals, doctors, and drug stores are contacted on a regularly scheduled basis by Barnes and sales are thus effected in Iowa for Pfizer and Co. Barnes is paid a regular salary plus bonuses. He is trained and sent into Iowa by Pfizer and Co. He has no superior or boss located within the State of Iowa. It is apparent that Barnes is controlled by Pfizer and Co. and must follow the directions in his Manual, but he has discretion and is not closely supervised.

Pfizer and Co. does not hold a Certificate of Authority to do business in Iowa and has not designated anyone within the State of Iowa to receive service of process.

Pfizer and Co. in their brief contend: (a) that Charles Barnes is not a managing or general agent of Pfizer and Co.; (b) that there is no extending jurisdiction to Pfizer under the facts; and (c) that no Iowa statute permits jurisdiction over Pfizer under the facts. Points (b) and (c) of the brief argue that Pfizer and Co. is not "doing business" or is not "present" in Iowa.

Service in this case was made under Rule 4(d) (3). The Federal law controls as to what constitutes "doing business" or "presence" within the State even if service is made under a State

statute. Aftanase v. Economy Baler Company, 8 Cir., 343 F.2d 187, 192 (8th Cir.). Because of the Aftanase case and because service was not attempted under Chapter 496A, Section 496A.103 has no application to the present case.

■■■ Pfizer and Co. was clearly "doing business" and "present" in Iowa under the standard set out in Aftanase v. Economy Baler Company, supra, and International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. There was reasonable assurance that the notice was actual and Barnes was an appropriate vehicle for communicating the notice. The activities within the State were substantial and of such a nature as to justify this suit. Perkins v. Benquet Consol. Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485; McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223. Pfizer and Co. rely mainly on Section 496A.103, Iowa Code, and it is not too clear from their brief whether it is even contended that their conduct would not come under the International Shoe case and the decisions following it. However, the court has considered the issue and finds Pfizer and Co.'s conduct clearly constitutes presence in Iowa under the above cited cases.

The latest case on this issue is National Equipment Rental, Ltd. v. Szukhent, 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354. In that case, five members of the Court stated there was no due process problem if notice was actually transmitted by the agent, but it is not necessary to decide whether that opinion applies to the present case because the facts in the present case clearly satisfy the International Shoe case.

The second issue is whether or not Barnes is an agent of Pfizer and Co. under the rules allowing him to be served. "If a corporation's business is so substantial as to render the corporation amenable to suit in the state, its principal agent in charge of activities within that state meets the test of [a] 'managing agent'". Lone Star Package Car Co. v. Baltimore & O. R. Co., 212 F.2d 147 (5th Cir.); Krnach v. Electro Lift, Inc., D.C., 13 F.R.D. 131; Perkins v. First National Bank of Cincinnati, Ohio Com.Pl., 79 N.E.2d 151; Bomze v. Nardis Sportswear, 2 Cir., 165 F.2d 33. "Where as here, the activity of defendant in this district is sufficient so as to make it amenable to suit, service of process upon a responsible party in charge of any substantial phase of that activity is sufficient for effective service of process." Remington Rand, Inc. v. Knapp-Monarch Company, D.C., 139 F.Supp. 613. "The decided cases hold that a person in charge of the local business of a foreign corporation is a 'managing agent' within the meaning of the Rule." Goldberg v. Mutual Readers League, Inc., D.C., 195 F.Supp. 778. In Remington Rand, Inc. v. Knapp-Monarch Company, supra, the court pointed out that the agent does not have to be in charge of all of the defendant's activities within the State:

"This result is necessary or else a foreign corporation with a multitude of activities of equal rank and importance within any particular district could evade service of process by the simple expedient of being careful to place no one in general charge of all the activity."

In the present case, Barnes does much more than effecting sales through solicitation. He not only calls on 72 regular accounts, but he promotes and displays the product. He does credit work by helping on overdue accounts. He gives out samples of the product. He can, if called upon, give lectures regarding the drugs. He is certainly more than an employee. He is specially trained for his job. He has no supervision in Iowa. He works alone. He is not subject to close supervision and control. Barnes admits that he has brought about an increase of sales in his territory.

"A managing agent must be some person invested by the corporation with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent * * *, who acts in an inferior capacity, and under the direction and control of superior authority, both in regard to the extent of his duty and the manner of executing it." See also Cohen v. American Window Glass Co., D.C., 41 F.Supp. 48; De Claire Mink Ranches v. Federal Foods, Inc., D. C., 192 F.Supp. 148; Union Asbestos & Rubber Co. v. Evans Products Co., 7 Cir., 328 F.2d 949.

■ The court concludes that Pfizer and Co. is present and doing business in Iowa and that Charles Barnes is a managing agent of Pfizer and Co.

While it is not necessary to construe the words "general agent" or to decide if the same result should be reached under Rule 56 of the Iowa Rules of Civil Procedure, the court does as an alternative basis for overruling the defendant's motion find that Charles Barnes was a "general agent" of Pfizer and Co., and further, the court finds as another alternative basis for overruling the defendant's motion, that Charles Barnes was both a general agent and a managing agent of Pfizer and Co. under Iowa Rule 56(f), Iowa Rules of Civil Procedure. Little v. Minneapolis Threshing Machine Co., 166 Iowa 651, 147 N.W. 872; Kalbach v. Service Station Equipment Co., 207 Iowa 1077, 224 N.W. 73; Locke v. Chicago Chronicle Co., 107 Iowa 390, 78 N.W. 49.

In accordance with this Memorandum, it is hereby ordered that the motions to dismiss and to quash service of process are overruled and denied.

It is further ordered that the foregoing shall constitute the findings of fact and conclusions of law in this case. Rule 52(a) of the Federal Rules of Civil Procedure.