**CLE–WARE INDUSTRIES, INC. OF PUERTO RICO, Plaintiff,**

v.

**HARTE & COMPANY, Inc., Defendant.**

**No. 534–69.**

United States District Court
D. Puerto Rico.

Nov. 28, 1969.

Reginald J. Barney and Robert J. Griswold, San Juan, P. R., for plaintiff.

Jose L. Novas, San Juan, P. R., for defendant.

FERNANDEZ - BADILLO, District Judge.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

This is a diversity action in which plaintiff, a corporation organized and operating under the laws of the Commonwealth of Puerto Rico, requests from the Court a declaration that it has no obligation to pay defendant for certain merchandise ordered and seeks damages in the amount of $81,377.08. Defendant, a New York corporation, is engaged in the manufacture, sale and distribution of certain products, including car mats, which is the product involved in the present litigation. Plaintiff's claim arises from the alleged fact that the merchandise received from defendant was defective instead of being "First Quality Merchandise" as ordered by it.

Summons and an amended complaint were served on defendant through Mr. Mike Michael, as local agent of said corporation, on August 11, 1969.

On August 29, 1969 the defendant Harte & Company, Inc. appeared specially and moved the Court to dismiss the action or in lieu thereof to quash the return of the service of summons on the grounds that (a) it is a corporation organized under the laws of the State of New York and was not and is not subject to the service of process within the Commonwealth of Puerto Rico; and (b) it was not properly served in that the

person served is not an officer, managing or general agent, or a representative or agent authorized by appointment or by law to receive service of process on its behalf. Said motion was supported by affidavit of Allan Shedlin, senior Vice-President of Harte & Company, Inc. and opposed by affidavit of Herbert Kaplan, executive Vice-President of plaintiff corporation. In view of the conflicting statements contained in the affidavits of these officers, the Court held a hearing on October 3, 1969 in which both parties presented oral and documentary evidence in support of their contentions.

From all the evidence which forms part of the record on defendant's Motion to Quash Service of Summons, the Court has made the following findings of fact and conclusions of law:

### Findings of Fact

1. Plaintiff (hereinafter also referred to as Cle-Ware) is a corporation organized under the laws of the Commonwealth of Puerto Rico, has its principal place of business in Puerto Rico, and is engaged in the business of wholesale and distribution of car mats and other merchandise.

2. Harte & Company, Inc., a corporation organized under the laws of the state of New York and having its main offices in New York City, is a manufacturer of vinyl in various forms. Defendant has done business in Puerto Rico selling its car mats to Cle-Ware and other stores such as Sears and Bargain Town. The volume of business carried on by Harte & Co., Inc. in Puerto Rico during the last two or four years is in excess of a half million dollars.

3. Mike Michael is a manufacturers representative who represents four or five other lines or manufacturers besides car mats, such as air conditioners and radios. He has represented Harte & Co., Inc. in Puerto Rico since early 1964 as its exclusive agent in the sale of car mats.

4. The manner in which Mike Michael has performed his representation of defendant in this jurisdiction is by calling on customers by appointment and giving samples quoting the prices and picking up purchase orders. He could quote prices differently from the prices established by Harte.

5. Mike Michael in addition to soliciting business, made adjustments, inspected shipments, received complaints and signed credits for the customers. Most of the orders received from Puerto Rico were the results of the efforts of Mike Michael. Defendant corporation never rejected the adjustments and credits made by him.

6. Mr. Fred S. Strauss, President of Harte & Company, Inc. stated that Michael is sales representative for other companies and organizations other than his own. He admitted that he had no representatives other than Michael in Puerto Rico who was their exclusive representative soliciting sales.

7. Mr. Barney Senie, manager of the car mat division of Harte & Company, Inc., has made frequent visits to Puerto Rico to work with Michael. Mr. Senie made sales, inspected shipments, received complaints and made adjustments. Customers in Puerto Rico have dealt only with Senie and Michael, mainly with the latter.

8. Even though defendant, through its President, testified that Michael was never authorized to approve or confirm sales in Puerto Rico it did not represent to customers in Puerto Rico that he lacked such authority. No confirmation of orders was sent to local customers or to Michael nor were the customers advised that the orders were subject to acceptance by the manufacturer. Shipments were regularly made upon receipt of orders solicited by Michael in Puerto Rico as if he had this authority.

9. Mr. Michael received commissions on purchase orders from Puerto Rico that were sent directly to defendant cor-

poration by customers as well as on orders sent by him.

10. Harte & Co., Inc. caused to be published in an official directory at a trade convention a listing wherein J. Mike Michael appeared as their representative. Mr. Michael represents himself as Sales Representative of defendant on his business card.

11. Defendant corporation corresponded with representative Michael on "Inter-Office Memorandum" using the first person plural rather than the second person singular.

12. All sales were made F.O.B.—C.I.F. Puerto Rico. The commercial invoices were made F.O.B.—C.I.F.—Puerto Rico and copies thereof were sent to the purchasers. The insurance and freight charges were not separately shown in the invoices.

Accordingly, the Court makes the following conclusions of law.

## CONCLUSIONS OF LAW

■ 1. This court has *in personam* jurisdiction over the defendant.

2. Rule 4(d) (3) of the Federal Rules of Civil Procedure which governs personal service upon a domestic or foreign corporation provides for the procedure of "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process."

■ 3. The presence of a corporate agent in a state must be for the purpose of conducting business in the state in order for it to be a sufficient basis for jurisdiction. Southern Machine Company v. Mohasco Industries, Inc., 401 F. 2d 374 (6th Cir., 1968).

■ 4. An individual whose duties and continuous activities as the only employee of a foreign corporation are the activities of such corporation in the state is the person in charge of conducting its business and is its agent upon whom service of process can effectually be made. William I. Horlick Co. v. Bogue Electric Mfg. Co., 146 F.Supp. 347 (D.Mass., 1956); Coniglio v. Holley, 38 F.R.D. 302 (D.C.Iowa, 1965). If a corporation has a substantial volume of business within the state, its principal agent in charge of its activities there is considered its managing agent under Rule 4(d) (3). American Football League v. National Football League, 27 F.R.D. 264 (D.C.Md., 1961).

■ 5. The evidence in this case has established that defendant corporation is transacting business within this jurisdiction through continuous and substantial activities and that Mr. Mike Michael is its agent in charge of said business activities in Puerto Rico and, as such, service of process upon him in the present action was properly made pursuant to Rule 4 of the Federal Rules of Civil Procedure.

In view of the foregoing, it is ordered and decreed that the Motion to Quash Service of Summons filed by defendant Harte & Company, Inc., on August 29, 1969 be and is hereby denied, and defendant is given ten (10) days from the date of entry of this order to file its answer to the complaint.